SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NORCAL WASTE SYSTEMS OF SAN JOSE, INC., SANITARY TRUCK
DRIVERS AND HELPERS UNION, LOCAL 350, and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMES ALLEN SMITH, JIMMY DALE YOUNG and THOMAS DON FORD

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
DEC 28 A 11:29
C. FUJIHARA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA
191 North First Street, San Jose, CA 95113

CASE NUMBER: (Número del Caso): 06 CV 077276

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LYLE W. JOHNSON, ESQ., STATE BAR #071362
152 North Third Street, Suite 510, San Jose, CA 95112     Telephone: (408) 298-8262     Fax: (408) 298-8010

DATE: DEC 28 2006     Kiri Torre     Clerk, by C. FUJIHARA, Deputy
*(Fecha)*                             *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* NORCAL WASTE SYSTEMS OF SAN JOSE, INC.

  under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6/15/07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

10738305.tif - 7/3/2007 10:15:22 AM

## CIVIL LAWSUIT NOTICE
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: _____

**READ THIS ENTIRE FORM**

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---
**DEFENDANTS** (the person(s) being sued): You must do each of the following to protect your rights:
1. You must file a written response to the *Complaint*, in the clerk's office of the Court, within 30 days of the date the *Summons and Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning: If you do not do these three things, you may automatically lose this case.

---

**RULES AND FORMS**: You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 39 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC)**: You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone — see Local Civil Rule 8.

---
Your Case Management Judge is: Honorable William Elfving   DEPT: 2

The first CMC is scheduled as follows: (Completed by Clerk of Court)
Date: __MAY - 8 2007__ Time: __3:00pm__ Dept.: __2__

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
Date: _____ Time: _____ Dept.: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**: If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING**: Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---
Form CV-5012
Rev. 1/01/04                          CIVIL LAWSUIT NOTICE

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among other forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- ADR can save money. Attorneys fees, court costs, and expert fees can be reduced or avoided altogether.
- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

- Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

- Mediation may be appropriate when:
  - The parties want a nonadversary procedure
  - The parties have a continuing business or personal relationship
  - Communication problems are interfering with a resolution
  - There is an emotional element involved
  - The parties are interested in an injunction, consent decree, or other form of equitable relief

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LYLE W. JOHNSON, ESQ., STATE BAR #071362<br>152 North Third Street, Suite 510<br>San Jose, California 95112<br>TELEPHONE NO.: 408/298-8262  FAX NO.: 408/298-8010<br>ATTORNEY FOR (Name): Plaintiffs, James Allen Smith, et. al. | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS: 191 North First Street<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: UNLIMITED JURISDICTION | |
| CASE NAME: James Allen Smith, et. al. vs. Norcal Waste Systems, et. al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive

4. Number of causes of action (specify):
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 28, 2006

LYLE W. JOHNSON
(TYPE OR PRINT NAME)                    ▶ /s/ Lyle W. Johnson
                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

```
 1  JEFFREY E. ELLIOTT, BAR NO. #141190
    Attorney at Law
 2  28 North First Street, Suite 500
    San Jose, California 95113
 3  Telephone: (408) 971-2021
    Facsimile:  (408) 971-2788
 4

 5  LYLE W. JOHNSON, State Bar #071362
    Attorney at Law
 6  152 North Third Street, Suite 510
    San Jose, California 95112
 7  Telephone: (408) 298-8262
    Facsimile:  (408) 298-8010
 8

 9  Attorneys for Plaintiffs, JAMES ALLEN SMITH, JIMMY DALE YOUNG, and
    THOMAS DALE FORD.
10
```

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| JAMES ALLEN SMITH, JIMMY DALE YOUNG, and THOMAS DON FORD, <br><br> Plaintiffs, <br><br> vs <br><br> NORCAL WASTE SYSTEMS OF SAN JOSE, INC., SANITARY TRUCK DRIVERS AND HELPERS UNION, LOCAL 350, and DOES 1 through 50, <br><br> Defendants. | CASE NO.: 106CV077270 <br><br> COMPLAINT FOR DAMAGES FOR TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY; BREACH OF CONTRACT; BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING |

Plaintiffs allege:

1. At all times relevant herein, Defendant, NORCAL WASTE SYSTEMS OF SAN JOSE, INC., a subsidiary of NORCAL Corporations, (hereinafter referred to as "NORCAL") was and is a corporation authorized to do business in the State of California.

LWJ/SMITH.Cmp

COMPLAINT FOR DAMAGES

James Allen Smith, et. al. vs. Nor Cal, et. al.

Page 1

10738305.tif - 7/3/2007 10:15:22 AM

2. At all times relevant here, Defendant, SANITARY TRUCK DRIVERS AND HELPERS UNION, LOCAL 350, an affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, (hereinafter referred to as the "UNION"), was a labor union recognized by the United States Department of Labor.

3. In June of 2006 plaintiffs learned that the defendants had been treating employees that had worked for BFI under the prior contract with San Jose. This information came to light after the criminal indictment of Mayor Gonzales and others. At this time defendants began discussing the work circumstances with other employees that had worked for BFI prior to working at Norcal.

## FIRST CAUSE OF ACTION
## THIRD PARTY BENEFICIARY OF SAN JOSE CONTRACT

4. Norcal won the bid for the contract haul yard waste, sweep streets and haul garbage with the City of San Jose, California.

5. On or about March, 2001, the above-referenced contract, to haul yard waste, sweep streets and haul garbage, was entered into between NORCAL and the City of San Jose, California.

6. The contract contained a provision that Norcal would maintain three seniority lists. That one of the seniority lists was for employees that were hauling yard waste, and street sweeping. The contract further provided that the failure of Norcal to maintain the three seniority lists was a violation of the contract.

7. At that time Plaintiffs were employed by BFI.

8. At the time that Norcal won the contract with San Jose, Plaintiffs and each of them were told by NORCAL that when they transferred from BFI to NORCAL that they would retain the same seniority that they had while employed by BFI.   That they would retain their seniority by being listed on the third seniority list. . Plaintiffs were very high on the yard waste and street sweeping seniority list. This would virtually insure them full time employment, of at least 40 hours per week.

9. After Plaintiffs and each of them transferred from BFI to NORCAL they were

LWJ/SMITH.Cmp

COMPLAINT FOR DAMAGES

James Allen Smith, et. al. vs. Nor Cal, et. al.
Page 2

10738305.tif - 7/3/2007 10:15:22 AM

1 used to train the NORCAL employees and were then used to train other employees to perform
2 the jobs which they were performing BFI and at NORCAL.
3     10. In 2003 Norcal breached the contract with San Jose by deleting the third seniority
4 list. The plaintiffs were beneficiaries of the requirement that the third seniority list be
5 maintained. Merging this list into the garbage hauling list placed them lower on the seniority list
6 and resulted in their being placed on the on call list.
7     11. Plaintiffs' being placed on call, that is having to call in each day to ask whether
8 there was work for them. As a legal and proximate result of the above conduct Plaintiff s have
9 suffered harm including: emotional distress, loss of wages, loss of medical benefits and medical
10 costs incurred in behalf of Plaintiffs and their dependents.
11     12. As a direct and proximate cause of the breach of the contract by Norcal caused plaintiffs to
12 suffer loss of wages, in an amount according to proof.

### SECOND CAUSE OF ACTION
### CONSPIRACY TO DENY EQUAL PROTECTION

15 As a second and separate cause of action Plaintiffs plead as follows:
16     13. Plaintiffs incorporate each allegation contained in paragraphs 1- 12 herein.
17     14. The third seniority list was maintained by Norcal for a little over a year after
18 commencing performance of the above contract. The purpose of the third seniority list was to
19 assure San Jose that experienced workers would be available and assigned to the yard waste
20 hauling duties.
21     15. The purpose of NORCAL in inducing plaintiffs to come to work for them was to
22 comply with the yard waste hauling contract and obtain individuals to train other employees to
23 perform these duties.
24     16. The union was aware of the above conduct of NORCAL and joined into the
25 conspiracy as it never intended to protect the employment rights of the plaintiffs rather they
26 intended to protect other members of the union.
27     17. This conduct resulted in Plaintiffs' income being greatly reduced. Norcal and the
28 union were aware that after the BFI employees had not been working for BFI for more than a

---

LWJ/SMITH.Cmp                                                           James Allen Smith, et. al. vs. Nor Cal, et. al.
COMPLAINT FOR DAMAGES                Page 3

1  year they would lose their right to return to BFI and retain the seniority. After the one year date
2  these plaintiffs and other former BFI employees were placed on call and were no longer assured
3  of working 40 hours per week.
4     18.    As a direct and proximate result of the above-conduct of Defendants and each of
5  them, Plaintiffs were each injured in an amount that exceeds $25,000.00
6     19.    As a legal and proximate result of Plaintiffs' being placed on call Plaintiffs have
7  suffered harm including: emotional distress, loss of wages, loss of medical benefits and medical
8  costs incurred in behalf of Plaintiffs and their dependents.
9     20.    Defendant's placing of Plaintiffs on call was willful, oppressive and in blatant
10 disregard of Plaintiffs' rights. Thereby justifying an award of punitive damages.

### THIRD CAUSE OF ACTION
### CONSPIRACY TO ILLEGALLY OBTAIN PUBLIC CONTRACT

13    21.    Plaintiffs incorporate each allegation contained in paragraphs 1- 20 herein.
14    22.    Defendant, NorCal conspired with certain San Jose City officials to obtain the
15 contract to haul trash and yard waste in the city of San Jose. In furtherance of this conspiracy this
16 defendant bid the contract lower than its competitors. The agreement was that after the contract
17 was entered into that additional funds would be obtained from the San Jose, to cover the shortfall
18 created by the underbid.
19    23.    That as a part of this conspiracy this defendant agreed to representation of its
20 employees by the union named herein as a defendant in other causes of action.
21    24.    This defendant agreed to hire certain BFI employees to insure that during the first
22 portion of the contract that trash and yard waste were picked up and disposed in a timely manner.
23 These plaintiffs were among the BFI employees hired to insure the timely performance of the
24 contract. They were hired for the purpose of aiding in covering up this conspiracy. That
25 defendant never intended to maintain them as full time employees.
26    25.    That these plaintiffs after about one year began to notice that they were being
27 treated differently than other employees that had not come to work from BFI as a result of this
28 contract. It was not until after that Norcal and the Mayor of San Jose were indicted that they

LWJ/SMITH.Cmp
COMPLAINT FOR DAMAGES
James Allen Smith, et. al. vs. Nor Cal, et. al.
Page 4

10738305.tif - 7/3/2007 10:15:22 AM

began to understand what had happened. In July of 2006 these plaintiffs met together and discussed their employment by Norcal, it was at that time they realized that they had been hired only for promote the conspiracy between Norcal and the mayor of San Jose.

**FOURTH CAUSE OF ACTION UNFAIR BUSINESS PRACTICE**

26. Plaintiffs incorporate each allegation contained in paragraphs 1-25 herein.

27. Norcal and the Mayor of San Jose conspired together to obtain the garbage, trash, and yard waste hauling contract from the City of San Jose. The conspiracy was to bid the contract low and use union employees to perform the contract. That during the performance of the contract additional funds would be received by Norcal to cover the shortage created by using union employees to perform the work.

28. Plaintiffs and other employees, with experience in yard waste and other special skills, were induced to leave their employment with BFI and come to work for Norcal.

29. This was done to ensure that the contract was being complied with and the contracted services were being satisfactorily provided. Thereby assuring that the San Jose City Counsel would be persuaded to allocate the additional millions of dollars of funding needed to cover the costs of having the union employees.

30. Norcal benefitted by this unfair business practice by obtaining the contract with the City of San Jose. The union benefitted by having their members employed with Norcal.

31. Plaintiffs were harmed by the above conduct as they were lured away from BFI solely to give the appearance that the services required by the contract were being provided as set out in the contract. The sole purpose of hiring these plaintiff's and other BFI employees was to provide training for Norcal employees and get the new contract off to a good start. These plaintiffs were not informed of this fact. Rather they were led to believe that they would be permanent employees with full employment and benefits.

32. The above conduct of defendants and the mayor of San Jose, violates California Business and Professions code §17200 et seq.

33. As a direct result of the above conduct these plaintiffs lost their job security with BFI and had their pay greatly reduced as they left full time permanent employment with BFI.

LWJ/SMITH.Cmp                                        James Allen Smith, et. al.  vs. Nor Cal, et. al.
                              COMPLAINT FOR DAMAGES                                        Page 5

10738305.tif - 7/3/2007 10:15:22 AM

1  WHEREFORE, Plaintiffs pray for judgment as follows:
2  1. For the first, second and third causes of action, damages for loss of income according
3  to proof;
4  2. For damages of loss of medical benefits;
5  3. For damages of medical costs incurred;
6  4. For damages of emotional distress;
7  5. Punitive damages according to proof.
8  6. For damages for costs of suit and such other relief as the court deems appropriate.

10 Dated: December 28, 2006.

        *Lyle W. Johnson* (signature)
        LYLE W. JOHNSON
        Attorney for Plaintiffs

LWJ/SMITH.Cmp                     James Allen Smith, et. al. vs. Nor Cal, et. al.
              COMPLAINT FOR DAMAGES                Page 6