1  STEPHEN J. HIRSCHFELD (SBN 118068)
   ZACHARY P. HUTTON (SBN 234737)
2  CURIALE DELLAVERSON
     HIRSCHFELD & KRAEMER, LLP
3  727 Sansome Street
   San Francisco, CA 94111
4  Telephone: (415) 835-9000
   Facsimile: (415) 834-0443
5
   Attorneys for Defendants
6  NORCAL WASTE SYSTEMS OF SAN JOSE,
   INC.
7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12 | JAMES ALLEN SMITH,              | Case No. C 07 03471
   | JIMMY DALE YOUNG, and           |
13 | THOMAS DON FORD,                | **DEFENDANT NORCAL WASTE SYSTEMS OF SAN JOSE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)**
14 |                                 |
   |            Plaintiffs,          |
15 |                                 |
   | vs.                             | Date:  August 17, 2007
16 |                                 | Time:  9:00 a.m.
   | NORCAL WASTE SYSTEMS OF SAN     | CtRm:  6
17 | JOSE, INC., SANITARY TRUCK      | Judge: Hon. Ronald M. Whyte
   | DRIVERS AND HELPERS UNION,      |
18 | LOCAL 350, and DOES 1 through 50,|
   |                                 |
19 |            Defendants.          |

20

21       **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

22       **PLEASE TAKE NOTICE** that on August 17, 2007 at 9:00 a.m., or as soon thereafter as

23 counsel may be heard in the above-referenced Court, located at the United States District Court,

24 Northern District of California, 280 South First Street, San Jose, California, Defendant NORCAL

25 WASTE SYSTEMS OF SAN JOSE, INC. will move and hereby does move under Rule 12(b)(6)

26 of the Federal Rules of Civil Procedure ("F.R.C.P.") to dismiss Plaintiffs' claims for relief in the

27 Complaint, on the ground that all causes of action in the Complaint are barred by the doctrine of

28 res judicata.

                                           1

1  Defendant also seeks to have sanctions imposed against Plaintiffs and their attorneys for
2  bad faith conduct in this litigation.
3  This motion is based upon this Notice of Motion and Motion, the concurrently filed
4  Memorandum of Points and Authorities, Request for Judicial Notice, and Declaration of Zachary
5  P. Hutton, the pleadings and papers filed in this action, and upon such additional authorities and
6  argument as the Court may consider at the hearing on this motion.

Dated: July 6, 2007

CURIALE DELLAVERSON
HIRSCHFELD & KRAEMER, LLP

By: /s/ Zachary P. Hutton
Stephen J. Hirschfeld
Zachary P. Hutton

Attorneys for Defendants
NORCAL WASTE SYSTEMS OF SAN JOSE, INC.

2
MOTION ISO DEF. NORCAL'S MTN. DISMISS PLTF'S. COMPLAINT;
CASE NO.: C 07 03471

STEPHEN J. HIRSCHFELD (SBN 118068)
ZACHARY P. HUTTON (SBN 234737)
CURIALE DELLAVERSON
  HIRSCHFELD & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
NORCAL WASTE SYSTEMS OF SAN JOSE,
INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES ALLEN SMITH, JIMMY DALE YOUNG, and THOMAS DON FORD, <br><br> Plaintiffs, <br><br> vs. <br><br> NORCAL WASTE SYSTEMS OF SAN JOSE, INC., SANITARY TRUCK DRIVERS AND HELPERS UNION, LOCAL 350, and DOES 1 through 50, <br><br> Defendants. | Case No. C 07 03471 <br><br> **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT NORCAL WASTE SYSTEMS OF SAN JOSE, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)** <br><br> **Date:** August 17, 2007 <br> **Time:** 9:00 a.m. <br> **CtRm:** 6 <br> **Judge:** Hon. Ronald M. Whyte |

I.   **INTRODUCTION**

Defendant Norcal Waste Systems of San Jose, Inc. ("Norcal Waste") requests that the Court dismiss Plaintiffs' Complaint in this matter, and enter judgment in favor of Defendants, because this lawsuit is barred by the doctrine of res judicata. Plaintiffs' claims are premised on their allegation that Defendants induced them to leave their jobs at another company by promising them seniority and steady work, then breached that promise by reducing their seniority

1

and requiring them to work on an "as needed" basis. Plaintiffs filed a lawsuit based on identical allegations in August 2005. The Court dismissed their claims and entered judgment in favor of Defendants because those claims were completely preempted by Section 301 of the National Labor Relations Act and therefore barred by a six-month statute of limitations. Plaintiffs now seek to relitigate the lawsuit they lost, by assigning new labels to their claims. However, because the present suit involves the same parties, facts, and underlying issues, it is barred by the doctrine of res judicata and must be dismissed.

## II.  STATEMENT OF FACTS

### A. Description of the First Action.

On August 10, 2005, Plaintiffs filed a Complaint for Damages in state court against Norcal Waste and the Sanitary Truck Drivers and Helpers Union, Local 350 (the "Union") asserting causes of action for (1) Tortious Discharge in Violation of Public Policy; (2) Fraudulent Inducement; (3) Breach of Contract; and (4) Breach of the Covenant of Good Faith and Fair Dealing. (Request for Judicial Notice ("RFJN"), ¶ 1 and Exhibit A.) Defendants removed the case to the federal court, based on federal question jurisdiction, because Plaintiffs' claims were completely preempted by Section 301 of the National Labor Relations Act, 29 U.S.C. § 185.

In the original Complaint, Plaintiffs alleged that, in March 2001, Norcal Waste promised that if they left their positions at Browning Ferris Industries ("BFI") to work for the Company, they would retain their seniority and receive steady work. (RFJN, Exhibit A, ¶¶ 3-7, 24.) Plaintiffs accepted employment with Norcal Waste and worked under the Company's collective bargaining agreement with the Union. (RFJN, Exhibit A, ¶ 26.) Plaintiffs alleged that Norcal Waste's contract with the City of San Jose protected their seniority and "provided that the City of San Jose would pay additional sums of money to NORCAL to offset the higher costs incurred when their current employees joined the Teamsters Union." (RFJN, Exhibit A, ¶¶ 22-23.) However, Plaintiffs asserted that after they became employees of Norcal Waste and joined the Union, the Company reclassified them, and only provided work on an "as-needed basis." (RFJN, Exhibit A, ¶ 13.) According to Plaintiffs, the reclassification of their jobs and reduction in their hours violated the collective bargaining agreement, as well as Defendant's contract with the City

2

of San Jose, of which they claimed to be third party beneficiaries. (RFJN, Exhibit A, ¶¶ 24, 27.) Plaintiffs also asserted that the Company's actions constituted fraudulent inducement and a "de-facto" termination in violation of public policy. (RFJN, Exhibit A, ¶¶ 3-9, 12-15.)

On September 15, 2005, Defendants moved to dismiss all claims in the original Complaint, pursuant to FRCP 12(b)(6), on the ground that they were completely preempted by Section 301 of the NLRA, and were therefore barred by the six-month statute of limitations that applies to hybrid lawsuits alleging a violation of Section 301 by the employer and a breach of the duty of fair representation by the Union. The District Court granted Defendants' motion to dismiss all claims on October 31, 2005, but granted Plaintiffs leave to amend the Complaint. (RFJN, ¶ 2 and Exhibit B.)

Plaintiffs filed a First Amended Complaint on November 29, 2005. (RFJN, ¶ 3 and Exhibit C.) The allegations in the First Amended Complaint were, in all relevant respects, identical to those in the original Complaint. Plaintiffs again alleged that Defendants falsely promised to maintain their seniority and provide them with steady work after they became members of the Union. (RFJN, Exhibit C, ¶¶ 6-14.) However, they added the allegation that they were denied work because the Company merged its seniority lists. (RFJN, Exhibit C, ¶ 13.) Plaintiffs sought the same relief based upon the same four cases of action.

Defendants moved to dismiss all claims in Plaintiffs' First Amended Complaint. On March 7, 2006, the District Court granted the motion in its entirety, again ruling that Plaintiffs' claims were completely preempted by Section 301 of the NLRA and barred by the applicable six-month statute of limitations. (RFJN, ¶ 4 and Exhibit D.) The Court entered judgment in favor of Defendants. (RFJN, ¶ 5 and Exhibit E.)

Thereafter, Plaintiffs appealed to the U.S. Court of Appeals for the Ninth Circuit. However, on October 31, 2006, the parties filed a stipulation to dismiss the appeal in exchange for Defendants' agreement to waive their right to pursue costs and fees. (RFJN, ¶ 6 and Exhibit F.) The Ninth Circuit issued an order dismissing the appeal on November 3, 2006. (RFJN, ¶ 7 and Exhibit G.)

### B.  Description of the Second Action.

On December 28, 2006, less than two months after Plaintiffs voluntarily dismissed their appeal and the judgment in favor of Defendants became final, Plaintiffs filed the Complaint in the present action in state court. (Declaration of Zachary P. Hutton ("Hutton Decl."), ¶ 2 and Exhibit A.) Plaintiffs personally served Norcal Waste with the Complaint over five months later, on June 5, 2007. (*See* Declaration of Julie Bertani Kiser in Support of Defendant's Notice of Removal, ¶ 2.) Once Defendants received the Complaint, they timely removed the action to this Court, based on federal question jurisdiction, because all claims in this Complaint, like the prior two Complaints, are completely preempted by Section 301 of the NLRA.

The Complaint in the second action is premised on the same facts and allegations as the Complaints in the first action. Plaintiffs again allege that Norcal Waste induced them to leave their jobs at Browning Ferris Industries by promising a certain level of seniority, then breached that promise by merging its seniority lists and only providing work on an "as-needed" basis. (Hutton Decl., Exhibit A, ¶¶ 4-11.) Plaintiffs have once again asserted a claim for breach of contract based on their claim that the Company's actions contravened the terms of their contract with the City of San Jose, of which they claim to be third party beneficiaries. (Hutton Decl., Exhibit A, ¶¶ 4-12.) They have also asserted three other claims based on the same set of facts: (1) Conspiracy to Deny Equal Protection; (2) Conspiracy to Illegally Obtain Public Contract; and (3) Unfair Business Practices in Violation of California Business and Professions Code section 17200, *et seq*. (Hutton Decl., Exhibit A.) Plaintiffs apparently made minor edits to the Complaint in the first action and then refiled it. In addition to having overlapping allegations and identical facts, the Complaint in the second action lists the claims previously dismissed by the District Court in its caption. (*Id.*)

On June 6, 2007, counsel for Norcal Waste wrote Plaintiff's counsel a letter, stating that the claims in the new Complaint were barred by the doctrine of res judicata. (Hutton Decl., ¶ 3 and Exhibit B.) Defense counsel requested that Plaintiffs immediately dismiss the lawsuit, and warned that Norcal Waste would seek sanctions against Plaintiffs and their attorneys if they did not voluntarily dismiss their claims. (*Id.*) Despite this warning, Plaintiffs and their attorneys

never dismissed the case, necessitating the filing of this motion.

## III.   LEGAL ARGUMENT

### A.   Plaintiffs' Claims Must Be Dismissed Because They Are Barred by the Doctrine of Res Judicata.

The doctrine of res judicata, or claim preclusion, "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir. 1982) (citations and internal quotation marks omitted). The doctrine exists to "relieve parties of the costs and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Dodd v. Hood River County,* 59 F.3d 852, 863 (9th Cir. 1995). The doctrine bars claims brought in a subsequent lawsuit when the earlier suit "(1) involved the same 'claim' or cause of action, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.,* 430 F.3d 985, 987 (9th Cir. 2005).

All three elements are present here. This lawsuit involves the same parties as the first action, and the dismissal of Plaintiffs' first action with prejudice constituted a final judgment on the merits. *Intl. Union of Oper. Eng. v. Karr,* 994 F.2d 1426, 1430 (9th Cir. 1993) (the dismissal of an action with prejudice constitutes a final judgment on the merits). Further, as described below, Plaintiffs' second action asserts the same claim as the first action.

#### 1.   The First and Second Actions Involve the Same Claim.

In determining whether Plaintiffs' first and second actions present the same "claim," it is irrelevant that Plaintiffs have assigned different labels to their claims and asserted new legal theories. A plaintiff cannot "avoid the bar of res judicata" by simply pleading a new legal theory based on the same set of facts. *Constantini,* 681 F.2d at 1201. Instead, "as long as the parties have had a full and fair opportunity to litigate, [a] judgment prevents litigation of all grounds and defenses that were or could have been raised in the action." *Nunes v. Ashcroft,* 348 F.3d 815, 819 (9th Cir. 2003) (citations and internal quotation marks omitted).

Courts look to four criteria to determine whether two suits involve the same "claim" or

5

MEMORANDUM OF P&A'S ISO DEF. NORCAL'S MTN. DISMISS PLTF'S. COMPLAINT;
CASE NO.: C 07 03471

cause of action: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether the rights and interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement on the same right; and (4) whether substantially the same evidence is presented in the two actions. *Mpoyo,* 430 F.3d at 987. All four criteria require dismissal of this case.

First, Plaintiffs' first and second actions are based on identical facts. In both lawsuits, Plaintiffs allege that Norcal Waste induced them to leave their jobs at Browning Ferris Industries by promising a certain level of seniority, then breached that promise by merging its seniority lists and only providing work on an "as-needed" basis. Plaintiffs' efforts to distinguish the lawsuits are so transparent that they did not even bother to change the caption in their new Complaint. Instead of listing their new causes of action, they listed the four claims previously dismissed with prejudice by the District Court. Plaintiffs made minor, superficial changes to the Complaint they filed in the first action, hoping to pass it off as a new and different set of claims. Because the allegations in the first and second actions relate to the same set of underlying facts as the first lawsuit (*i.e.,* the circumstances surrounding Plaintiffs' loss of seniority), the second lawsuit must be dismissed. *Mpoyo,* 430 F.3d at 987.

The prosecution of Plaintiffs' second action would also impair the "rights and interests" established by the judgment in favor of Defendants in the first action. The first action absolved Defendants from all liability stemming from the reduction in Plaintiffs' seniority and hours. Plaintiffs are attempting to relitigate that very issue in this case. Allowing Plaintiffs to proceed with those claims, in hopes of obtaining a different result, would interfere with the rights established in the first lawsuit. *See, e.g., Constantini,* 681 F.2d at 1202 (filing a second action based upon the same set of facts impairs rights established in the prior lawsuit).

Finally, the second action involves an alleged infringement on the same rights asserted by Plaintiffs in the first lawsuit, and the evidence offered in the second action would be the same. In both lawsuits, Plaintiffs alleged that Defendants promised to maintain their seniority, then breached that promise. The facts surrounding the reduction in their seniority, and the harm allegedly inflicted upon them, have not changed. Consequently, the second lawsuit presents the

6

same claim as the first. *Mpoyo,* 430 F.3d at 987-988.

Plaintiffs' latest Complaint asserts the same claims, against the same parties, as the prior lawsuit, which the District Court dismissed in its entirety. Defendants are not required to relitigate this dispute every time Plaintiffs concoct a new legal theory. This lawsuit is barred by the doctrine of res judicata and must be dismissed.

**B.    The Court Should Exercise Its Inherent Authority and Sanction Plaintiffs and Their Attorneys for Bad Faith Conduct.**

On June 6, 2007, counsel for Norcal Waste informed Plaintiffs' counsel that the claims asserted in the Complaint were barred by the doctrine of res judicata. Defense counsel requested that Plaintiffs immediately dismiss the lawsuit, and warned that Norcal Waste would seek sanctions against Plaintiffs and their attorneys if they did not dismiss their claims. Plaintiffs and their attorneys refused to dismiss the case, necessitating the filing of this motion. Consequently, Norcal Waste must pay attorneys fees to dispose of Plaintiffs' claims a second time.

Pursuant to its inherent authority, the Court may sanction bad faith conduct in litigation and award attorneys' fees as a remedy. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46 (1991). Plaintiffs engaged in bad faith conduct by filing a Complaint that is patently barred by the doctrine of res judicata, and by refusing to dismiss the Complaint, even after defense counsel warned that the claims were untenable and could subject Plaintiffs and their attorneys to sanctions. *See, e.g., Narumanchi v. Adanti,* 1996 U.S. App. LEXIS 4991, * 6 (2d Cir. 1996) ("relitigating matters that have gone to final judgment, relitigating matters that might have been raised in prior actions, or bringing otherwise frivolous actions can result in personal liability for monetary or other sanctions"); *Ho v. Fierke,* 1992 U.S. Dist. LEXIS 691, * 16 (E.D. La. 1992) (imposing sanctions, pursuant to the court's inherent authority, where a litigant attempted in bad faith to relitigate claims barred by the doctrine of res judicata).

As is set forth in detail in the attached Declaration of Zachary P. Hutton, counsel for Norcal Waste has expended 10.5 hours preparing this motion. (Hutton Decl., ¶ 4.) In addition, counsel anticipates spending an additional 10 hours drafting a reply memorandum and preparing for and participating in the hearing for this motion. (*Id.*) Therefore, Norcal Waste respectfully

7

MEMORANDUM OF P&A'S ISO DEF. NORCAL'S MTN. DISMISS PLTF'S. COMPLAINT;
CASE NO.: C 07 03471

1  requests that this Court award Defendant $4,817.50 in sanctions against Plaintiffs and their
2  attorneys. (*Id.*)

### IV. CONCLUSION

Based on the foregoing, Norcal Waste respectfully requests that the Court dismiss all claims in the Complaint, enter judgment in favor of Defendants, and impose sanctions against Plaintiffs and their attorneys for bad faith conduct.

Dated: July 6, 2007

CURIALE DELLAVERSON
HIRSCHFELD & KRAEMER, LLP

By: /s/ Zachary P. Hutton
  Stephen J. Hirschfeld
  Zachary P. Hutton

Attorneys for Defendants
NORCAL WASTE SYSTEMS OF SAN JOSE, INC.

8

MEMORANDUM OF P&A'S ISO DEF. NORCAL'S MTN. DISMISS PLTF'S. COMPLAINT;
CASE NO.: C 07 03471

1  STEPHEN J. HIRSCHFELD (SBN 118068)
   ZACHARY P. HUTTON (SBN 234737)
2  CURIALE DELLAVERSON
     HIRSCHFELD & KRAEMER, LLP
3  727 Sansome Street
   San Francisco, CA  94111
4  Telephone:  (415) 835-9000
   Facsimile:  (415) 834-0443
5
   Attorneys for Defendants
6  NORCAL WASTE SYSTEMS OF SAN JOSE,
   INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11

12  JAMES ALLEN SMITH,                  Case No.  C 07 03471
    JIMMY DALE YOUNG, and
13  THOMAS DON FORD,                    **[PROPOSED] ORDER GRANTING
                                        DEFENDANT'S MOTION
14                                      TO DISMISS AND IMPOSING SANCTIONS
                Plaintiffs,             AGAINST PLAINTIFFS AND THEIR
15                                      ATTORNEYS**
    vs.
16
    NORCAL WASTE SYSTEMS OF SAN         **Date:**    August 17, 2007
17  JOSE, INC., SANITARY TRUCK          **Time:**    9:00 a.m.
    DRIVERS AND HELPERS UNION,          **CtRm:**    6
18  LOCAL 350, and DOES 1 through 50,   **Judge:**   Hon. Ronald M. Whyte

19              Defendants.

20

21

22

23
            Defendant's Motion to Dismiss Plaintiffs' Complaint came on for regular hearing on
24
    August 17, 2007.
25
            Having considered the moving and opposing papers, the arguments of counsel, and the
26
    pleadings and papers on file herein, and, GOOD CAUSE appearing, IT IS HEREBY ORDERED,
27
    ADJUDGED, AND DECREED that:
28

[PROPOSED] ORDER GRANTING MTN. TO DISMISS PLTF'S. COMPLAINT                          3346473

1) The Motion to Dismiss is granted with prejudice as to all causes of action in the Complaint because Plaintiffs' claims are barred by the doctrine of res judicata; and

2) Plaintiffs and their attorneys are ordered to pay sanctions to Defendant Norcal Waste Systems of San Jose, Inc. in the amount of $4,817.50.

**IT IS SO ORDERED.**

DATED: _____       _____
                                         United States District Judge