CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STEPHEN J. HIRSCHFELD (SBN 118068)
ZACHARY P. HUTTON (SBN 234737)
CURIALE DELLAVERSON
HIRSCHFELD & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
NORCAL WASTE SYSTEMS OF SAN JOSE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES ALLEN SMITH, JIMMY DALE YOUNG, and THOMAS DON FORD,<br><br>Plaintiffs,<br><br>vs.<br><br>NORCAL WASTE SYSTEMS OF SAN JOSE, INC., SANITARY TRUCK DRIVERS AND HELPERS UNION, LOCAL 350, and DOES 1 through 50,<br><br>Defendants. | Case No. C 07-03471<br><br>**DECLARATION OF ZACHARY P. HUTTON IN SUPPORT OF DEFENDANT NORCAL WASTE SYSTEMS OF SAN JOSE, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>**Date:** **August 17, 2007**<br>**Time:** **9:00 a.m.**<br>**CtRm:** **6**<br>**Judge:** **Hon. Ronald M. Whyte** |

I, ZACHARY P. HUTTON, declare as follows:

1. I am an attorney admitted to practice in the State of California and before this Court. I am an associate at Curiale Dellaverson Hirschfeld & Kraemer, LLP, attorneys of record for Defendant Norcal Waste Systems of San Jose, Inc. I have personal knowledge of the facts stated herein, and could and would testify competently thereto, if called upon to do so.

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Complaint.

3. Attached hereto as Exhibit B is a true and correct copy of a letter I mailed to Lyle

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Johnson, Esq., attorney for Plaintiffs, on June 6, 2007, in which I informed him that Plaintiffs' claims were barred by the doctrine of res judicata and warned that Defendant would seek sanctions if he did not dismiss the Complaint. Mr. Johnson informed me in a subsequent telephone conversation that his clients would not agree to dismiss the Complaint.

4. I spent 10.5 hours preparing Defendants' Motion to Dismiss Plaintiffs' Complaint, including preparation of the Notice of Motion and Motion to Dismiss, Memorandum of Points and Authorities, Request for Judicial Notice, Supporting Declarations, and Proposed Order. My billing rate is $235 per hour. I anticipate spending an additional 10 hours drafting a reply memorandum and preparing for and participating in the hearing on this matter. Consequently, Defendant Norcal Waste Systems of San Jose, Inc. will incur a total of approximately $4,817.50 in attorneys' fees as a result of this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of July, 2007 at San Francisco, California.

/s/ Zachary P. Hutton
Zachary P. Hutton

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
NORCAL WASTE SYSTEMS OF SAN JOSE, INC., SANITARY TRUCK DRIVERS AND HELPERS UNION, LOCAL 350, and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JAMES ALLEN SMITH, JIMMY DALE YOUNG, and THOMAS DON FORD

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 North First Street, San Jose, CA 95113
Unlimited Jurisdiction

CASE NUMBER: *(Número del Caso):* 105CV046879

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lyle W. Johnson, Bar #071362 Phone: 408/298-8262
152 N. Third Street, Suite 510, San Jose, CA 95112
Jeffrey E. Elliott, Bar #141190 Phone: 408/971-2021
28 N. First Street, Suite 500, San Jose, CA 95113

DATE: *(Fecha)* AUG 1 0 2005 Kiri Torre Chief Executive Officer/Clerk Clerk, by *(Secretario)* B. Laurente, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*:
   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com

LYLE W. JOHNSON, State Bar #071362
Attorney at Law
152 North Third Street, Suite 510
San Jose, California 95112
Telephone: (408) 298-8262
Facsimile: (408) 298-8010

JEFFREY E. ELLIOTT, BAR NO. #141190
Attorney at Law
28 North First Street, Suite 500
San Jose, California 95113
Telephone: (408) 971-2021
Facsimile: (408) 971-2788

Attorneys for Plaintiffs, JAMES ALLEN SMITH, JIMMY DALE YOUNG, and THOMAS DALE FORD.

ENDORSED
2005 AUG 10 P 4: 14
KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA B. Laurente
BY
DEPUTY CLERK

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

JAMES ALLEN SMITH,
JIMMY DALE YOUNG, and
THOMAS DON FORD,

Plaintiffs,

vs

NORCAL WASTE SYSTEMS OF SAN JOSE, INC., SANITARY TRUCK DRIVERS AND HELPERS UNION, LOCAL 350, and DOES 1 through 50,

Defendants.

CASE NO.: 105CV046879

COMPLAINT FOR DAMAGES FOR TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY; BREACH OF CONTRACT; BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiffs allege:

1. At all times relevant herein, Defendant, NORCAL WASTE SYSTEMS OF SAN JOSE, INC., a subsidiary of Norcal Corporations, (hereinafter referred to as "NORCAL") was and is a corporation authorized to do business in the State of California.

2. At all times relevant here, Defendant, SANITARY TRUCK DRIVERS AND HELPERS UNION, LOCAL 350, an affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, (hereinafter referred to as the "UNION"), was a labor union recognized by the United States Department of Labor.

**FIRST CAUSE OF ACTION**

**DE FACTO TERMINATION IN VIOLATION OF PUBLIC POLICY**

3. Prior to August, 2001, Browning Ferris Industries (hereinafter referred to as "BFI") had the contract to collecting yard waste, and street sweeping for the City of San Jose, California. During that time, Plaintiffs were employed by BFI in various positions in the fulfillment of this contract.

4. On or about March, 2001, the above-referenced contract was entered into between NORCAL and the City of San Jose, California.

5. At that time Plaintiffs were employed by BFI.

6. Plaintiffs and each of them were told that if they transferred from BFI to NORCAL that they would have a job so long as the contract to haul yard waste and sweep streets.

7. Plaintiffs and each of them were told that when they transferred from BFI to NORCAL that they would retain the seniority that they had earned while employed by BFI.

8. After Plaintiffs and each of them transferred from BFI to NORCAL they were used to train the NORCAL employees and were then used to train other employees to perform the jobs which they were performing BFI and at NORCAL.

9. As a legal and proximate result of Plaintiffs' being placed on call, that is we had to call in each day to ask whether there was work for us. Plaintiff s have suffered harm including: emotional distress, loss of wages, loss of medical benefits and medical costs incurred in behalf of Plaintiffs and their dependents.

10. Defendant's displacement of Plaintiffs was willful, oppressive and in blatant disregard of Plaintiffs' rights. Thereby justifying an award of punitive damages.

//

**SECOND CAUSE OF ACTION**

**FRAUDULENT INDUCEMENT TO CHANGE EMPLOYMENT**

As a second and separate cause of action Plaintiffs plead as follows:

11. Plaintiffs incorporate each allegation contained in paragraphs 1- 10 herein.

12. Plaintiffs allege that Defendants and each of them promised retain plaintiffs as regular employees during the life time NORCAL'S contract with the City of San Jose. That Plaintiffs were enticed to quit their jobs with BFI by the promise of NORCAL'S management promises that they would be steadily employed during the life time of the contract with San Jose.

13. These promises were made on several occasions during the time between the awarding the contract for yard waste hauling to defendant, and date Plaintiffs were hired by defendant. Plaintiffs, were employed full time by NORCAL until on or about November 6, 2003. Thereafter, Plaintiffs reclassified and assigned on an as-needed basis.

14. But for the false promise of defendant, NorCal, that they would have employment during the lifetime of the yard waste contract with the City of San Jose, and the promise of the union to protect their rights as employees, they would not have left their stable employment with BFI and accepted employment with NorCal.

15. Rather the purpose of NorCal in inducing plaintiffs to come to work for them was to comply with the yard waste hauling contract and obtain individuals to train other employees to perform these duties.

16. The union never intended to protect the employment rights of the defendants rather they were protecting other members of the union.

17. This conduct resulted in Plaintiffs' income being greatly reduced.

18. As a direct and proximate result of the above-conduct of Defendants and each of them, Plaintiffs were each injured in an amount that exceeds $25,000.00

19. As a legal and proximate result of Plaintiffs' being placed on call Plaintiffs have suffered harm including: emotional distress, loss of wages, loss of medical benefits and medical costs incurred in behalf of Plaintiffs and their dependents.

20. Defendant's placing of Plaintiffs on call was willful, oppressive and in blatant

disregard of Plaintiffs' rights. Thereby justifying an award of punitive damages.

**THIRD CAUSE OF ACTION**

**BREACH OF EMPLOYMENT CONTRACT**

As a third and separate cause of action, Plaintiffs allege as follows:

21. Plaintiff incorporates each allegation contained in paragraphs 1 - 20 herein.

22. Plaintiffs allege that they were the third party beneficiaries of an agreement between the City of San Jose. Plaintiffs are informed and believe that this agreement provided that the City of San Jose would pay additional sums of money to NORCAL to offset the higher costs incurred when their current employees joined the Teamsters Union.

23. That Plaintiffs were to benefit by retaining their jobs under the contract between NORCAL and the City of San Jose.

24. Plaintiffs are informed, believe and thereon allege the intent of the agreement between NORCAL and the City of San Jose was to insure job security. That this agreement provided that individuals in the place of Plaintiffs and each of them would be employed during the lifetime of the contract between NORCAL and the City of San Jose.

**FOURTH CAUSE OF ACTION**

**BREACH OF UNION CONTRACT**

As a third and separate cause of action, Plaintiffs allege as follows:

25. Plaintiff incorporates each allegation contained in paragraphs 1 - 20 herein.

26. Plaintiffs and each of them were not members of union and had not been such members during the time that they were employed by BFI. Further, when they transferred to NORCAL as alleged herein they were required to join the SANITARY TRUCK DRIVERS AND HELPERS UNION, LOCAL 350.

27. Further NORCAL lured Plaintiffs to become employees they were promised certain benefits. Among these benefits was the higher salary, they were to maintain their seniority, and to have job security.

**WHEREFORE,** Plaintiffs pray for judgment as follows:

1. For the first, second and third causes of action, damages for loss of income according

to proof;

2. For damages of loss of medical benefits;

3. For damages of medical costs incurred;

4. For damages of emotional distress;

5. Punitive damages according to proof.

6. For damages for costs of suit and such other relief as the court deems appropriate.

Dated: August 4, 2005

LYLE W. JOHNSON
Attorney for Plaintiffs

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): LYLE W. JOHNSON, ESQ., STATE BAR #071362<br>152 North Third Street, Suite 510<br>San Jose, California 95112<br>TELEPHONE NO.: 408/298-8262 FAX NO. (Optional): 408/298-8010<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs | FOR COURT USE ONLY<br>Rec'd Aug 22, 2005 via US mail at 160 Pacific Ave # 200 SF CA 94111 [illegible] |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS: 191 North First Street<br>CITY AND ZIP CODE: San Jose, California 95113<br>BRANCH NAME: UNLIMITED JURISDICTION | |
| PLAINTIFF/PETITIONER: JAMES ALLEN SMITH, et. al.<br>DEFENDANT/RESPONDENT: NORCAL WASTE SYSTEMS OF SAN JOSE, INC., et. al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>1-05-CV-046879 |

TO *(insert name of party being served)*: NORCAL WASTE SYSTEMS OF SAN JOSE, INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 19, 2005

LYLE W. JOHNSON, ESQ.
(TYPE OR PRINT NAME)

▶ *Lyle W. Johnson*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing)***:

1. [X] A copy of the summons and of the complaint.
2. [ ] Other *(specify)*:

***(To be completed by recipient):***

Date this form is signed: 8/30/05

JULIE BERTANI-KISER c/o Norcal
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Julie Bertani-Kiser*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure, §§ 415.30, 417.10
www.courtinfo.ca.gov

www.accesslaw.com

EXHIBIT B

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER LLP

SAN FRANCISCO
727 Sansome Street
San Francisco
California
94111
Telephone
(415) 835-9000
Fax
(415) 834-0443

LOS ANGELES
The Water Garden
2425 Olympic Boulevard
Suite 550 East Tower
Santa Monica
California
90404
Telephone
(310) 255-0705
Fax
(310) 255-0986

RENO
5450 Longley Lane
Reno
Nevada
89511
Telephone
(775) 826-7100
Fax
(775) 827-9256

E-Mail
info@cdhklaw.com
Web Site
www.cdhklaw.com

June 6, 2007

ZACH P. HUTTON
Direct Dial: (415) 835-9046
zhutton@cdhklaw.com

**VIA FACSIMILE & REGULAR MAIL**

Lyle W. Johnson
Attorney at Law
152 North Third Street, Suite 510
San Jose, CA 95112

**Re: Smith v. Norcal Waste**

Dear Mr. Johnson:

I received a copy of the civil complaint you recently served on our client, Norcal Waste Systems of San Jose, Inc. This lawsuit is based on the same facts as the lawsuit you previously filed on behalf of James Smith, Jimmy Young, and Thomas Ford, and is unquestionably barred by the doctrine of res judicata. The court dismissed your prior lawsuit with prejudice in March 2006. The judgment in that case became final upon the dismissal of your appeal in November 2006. You cannot revive claims the court dismissed with prejudice by ascribing different labels to them and filing another complaint.

Because there is no legal basis for your claims, we demand that you immediately dismiss the complaint with prejudice. If you do not, we will file a demurrer on behalf of Norcal Waste and seek monetary sanctions against you and your clients, pursuant to Code of Civil Procedure section 128.7.

Please let me know by June 12, 2007 if you intend to voluntarily dismiss the complaint. If we do not hear from you by that date, we will prepare and serve a motion for sanctions.

Very truly yours,

Zach P. Hutton

cc: Ms. Julie Bertani-Kiser
Lisa Pau, Esq.