CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  STEPHEN J. HIRSCHFELD (SBN 118068)
2  ZACHARY P. HUTTON (SBN 234737)
   CURIALE DELLAVERSON
3  HIRSCHFELD & KRAEMER, LLP
   727 Sansome Street
4  San Francisco, CA 94111
   Telephone: (415) 835-9000
5  Facsimile: (415) 834-0443
6  Attorneys for Defendants
   NORCAL WASTE SYSTEMS OF SAN JOSE,
7  INC.

8

9                          UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11                                 SAN JOSE DIVISION

12  JAMES ALLEN SMITH,                      Case No.  C 07-03471
    JIMMY DALE YOUNG, and
13  THOMAS DON FORD,                        REQUEST FOR JUDICIAL NOTICE

14                 Plaintiffs,              FILED CONCURRENTLY WITH
                                            DEFENDANT'S MOTION TO DISMISS
15        vs.                               PLAINTIFFS' COMPLAINT

16  NORCAL WASTE SYSTEMS OF SAN             Date:    August 17, 2007
    JOSE, INC.; SANITARY TRUCK              Time:    9:00 a.m.
17  DRIVERS AND HELPERS UNION,              CtRm:    6
    LOCAL 350, and DOES 1 through 50,       Judge:   Hon. Ronald M. Whyte
18
19                 Defendants.

20        Pursuant to Federal Rule of Evidence 201, Defendant Norcal Waste Systems of San Jose,

21  Inc., by and through its attorneys, hereby request that this Court take judicial notice of the

22  following documents:

23        1.    The Complaint for Damages filed in Santa Clara Superior Court on August 10,

24  2005, in *Smith v. Norcal Waste Systems of San Jose, Inc., et al.*, Case No. 105CV046879, a true

25  and correct copy of which is attached hereto as Exhibit A.

26        2.    The Court's November 1, 2005 Order Granting Defendants' Motion to Dismiss in

27  *Smith v. Norcal, et al.*, Case No. C-05-03706 RMW (U.S. District Court, Northern District of

28

REQUEST FOR JUDICIAL NOTICE; CASE NO.: C 07-03471

334674.1

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

California, San Jose Division), a true and correct copy of which is attached hereto as Exhibit B.

3.     The First Amended Complaint for Damages, filed in *Smith v. Norcal Waste Systems of San Jose, Inc., et al.*, Case No. C-05-03706 RMW (U.S. District Court, Northern District of California, San Jose Division), on December 1, 2005, a true and correct copy of which is attached hereto as Exhibit C.

4.     The Court's March 7, 2006 Order Granting Defendants' Motion to Dismiss First Amended Complaint in *Smith v. Norcal, et al*, Case No. C-05-03706 RMW (U.S. District Court, Northern District of California, San Jose Division), a true and correct copy of which is attached hereto as Exhibit D.

5.     The Judgment in *Smith v. Norcal, et al*, Case No. C-05-03706 RMW (U.S. District Court, Northern District of California, San Jose Division), a true and correct copy of which is attached hereto as Exhibit E.

6.     The Stipulation to Dismiss Appeal filed in *Smith v. Norcal, et al*, Case No. 06-15610 (United States Court of Appeals for the Ninth Circuit) on October 25, 2006, a true and correct copy of which is attached hereto as Exhibit F.

7.     The November 3, 2006 Order dismissing Plaintiffs' appeal in *Smith v. Norcal, et al*, Case No. 06-15610 (United States Court of Appeals for the Ninth Circuit), a true and correct copy of which is attached hereto as Exhibit G.

Dated: July 6, 2007

CURIALE DELLAVERSON
HIRSCHFELD & KRAEMER, LLP

By: _____/s/ Zachary P. Hutton_____
Stephen J. Hirschfeld
Zachary P. Hutton
Attorneys for Defendants
NORCAL WASTE SYSTEMS OF SAN
JOSE, INC.

EXHIBIT A

Case 5:05-cv-03706-RMW    Document 1    Filed 09/14/2005    Page 4 of 10

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NORCAL WASTE SYSTEMS OF SAN JOSE, INC., SANITARY TRUCK
DRIVERS AND HELPERS UNION, LOCAL 350, and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMES ALLEN SMITH, JIMMY DALE YOUNG, and
THOMAS DON FORD

CASE NUMBER:
(Número del Caso)
**105CV046870**

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a
copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the
court to hear your case.  There may be a court form that you can use for your response.  You can find these court forms and more
information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse
nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may
lose the case by default, and your wages, money, and property may be taken without further warning from the court.
     There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an
attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services
program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California
Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito
en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por
escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted
pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de
California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no
puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta
su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un
servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios
legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de
California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
(www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 North First Street, San Jose, CA 95113
Unlimited Jurisdiction

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Lyle W. Johnson, Bar #0712362        Phone: 408/298-8282        Jeffrey E. Elliott, Bar #141190   Phone 408/971-2021
152 N. Third Street, Suite 510, San Jose, CA 95112               28 N. First Street, Suite 500, San Jose, CA 95113

DATE:        AUG 1 0 2005        Kiri Torre
(Fecha)                          Chief Executive Officer/Clerk        Clerk, by _____ B. Laurente _____, Deputy
                                               (Secretario)                         (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
      under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
             ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.accesslaw.com

Case 5:05-cv-03706-RMW    Document 1    Filed 09/14/2005    Page 5 of 10

1  LYLE W. JOHNSON, State Bar #071362
   Attorney at Law
2  152 North Third Street, Suite 510
   San Jose, California 95112
3  Telephone: (408) 298-8262
   Facsimile: (408) 298-8010
4

5  JEFFREY E. ELLIOTT, BAR NO. #14119D
   Attorney at Law
6  28 North First Street, Suite 500
   San Jose, California 95113
7  Telephone: (408) 971-2021
   Facsimile: (408) 971-2788
8

9  Attorneys for Plaintiffs, JAMES ALLEN SMITH, JIMMY DALE YOUNG, and
   THOMAS DALE FORD.
10

11

12          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13            IN AND FOR THE COUNTY OF SANTA CLARA

14

15  JAMES ALLEN SMITH,                    CASE NO.: 105CV046879
    JIMMY DALE YOUNG, and
16  THOMAS DON FORD,                      COMPLAINT FOR DAMAGES FOR
                                          TORTIOUS DISCHARGE IN
17                       Plaintiffs,      VIOLATION OF PUBLIC POLICY;
                                          BREACH OF CONTRACT;
18            vs                          BREACH OF COVENANT OF GOOD
                                          FAITH AND FAIR DEALING
19
    NORCAL WASTE SYSTEMS OF SAN
20  JOSE, INC. SANITARY TRUCK DRIVERS
    AND HELPERS UNION, LOCAL 350,
21  and DOES 1 through 50,

22                       Defendants.

23

24

25  Plaintiffs allege:

26        1.    At all times relevant herein, Defendant, NORCAL WASTE SYSTEMS OF SAN

27  JOSE, INC., a subsidiary of Norcal Corporations, (hereinafter referred to as "NORCAL") was

28  and is a corporation authorized to do business in the State of California.

ENDORSED

2005 AUG 10  P 4: 14

1    2.    At all times relevant here, Defendant, SANITARY TRUCK DRIVERS

2    AND HELPERS UNION, LOCAL 350, an affiliate of the International Brotherhood of

3    Teamsters, Chauffeurs, Warehousemen and Helpers of America, (hereinafter referred to as the

4    "UNION"), was a labor union recognized by the United States Department of Labor.

5                    FIRST CAUSE OF ACTION

6            DE FACTO TERMINATION IN VIOLATION OF PUBLIC POLICY

7    3.    Prior to August, 2001, Browning Ferris Industries (hereinafter referred to as

8    "BFI") had the contract to collecting yard waste, and street sweeping for the City of San Jose,

9    California. During that time, Plaintiffs were employed by BFI in various positions in the

10    fulfillment of this contract.

11    4.    On or about March, 2001, the above-referenced contract was entered into between

12    NORCAL and the City of San Jose, California.

13    5.    At that time Plaintiffs were employed by BFI.

14    6.    Plaintiffs and each of them were told that if they transferred from BFI to

15    NORCAL that they would have a job so long as the contract to haul yard waste and sweep

16    streets.

17    7.    Plaintiffs and each of them were told that when they transferred from BFI to

18    NORCAL that they would retain the seniority that they had earned while employed by BFI.

19    8.    After Plaintiffs and each of them transferred from BFI to NORCAL they were

20    used to train the NORCAL employees and were then used to train other employees to perform

21    the jobs which they were performing BFI and at NORCAL.

22    9.    As a legal and proximate result of Plaintiffs' being placed on call, that is we had

23    to call in each day to ask whether there was work for us. Plaintiff's have suffered harm

24    including: emotional distress, loss of wages, loss of medical benefits and medical costs incurred

25    in behalf of Plaintiffs and their dependents.

26    10.    Defendant's displacement of Plaintiffs was willful, oppressive and in blatant

27    discard of Plaintiffs' rights. Thereby justifying an award of punitive damages.

28    //

Case 5:05-cv-03706-RMW    Document 1    Filed 09/14/2005    Page 7 of 10

## SECOND CAUSE OF ACTION

### FRAUDULENT INDUCEMENT TO CHANGE EMPLOYMENT

As a second and separate cause of action Plaintiffs plead as follows:

11. Plaintiffs incorporate each allegation contained in paragraphs 1 - 10 herein.

12. Plaintiffs allege that Defendants and each of them promised retain plaintiffs as regular employees during the life time NORCAL'S contract with the City of San Jose. That Plaintiffs were enticed to quit their jobs with BFI by the promise of NORCAL'S management promises that they would be steadily employed during the life time of the contract with San Jose.

13. These promises were made on several occasions during the time between the awarding the contract for yard waste hauling to defendant, and date Plaintiffs were hired by defendant. Plaintiffs, were employed full time by NORCAL until on or about November 6, 2003. Thereafter, Plaintiffs reclassified and assigned on an as-needed basis.

14. But for the false promise of defendant, NorCal, that they would have employment during the lifetime of the yard waste contract with the City of San Jose, and the promise of the union to protect their rights as employees, they would not have left their stable employment with BFI and accepted employment with NorCal.

15. Rather the purpose of NorCal in inducing plaintiffs to come to work for them was to comply with the yard waste hauling contract and obtain individuals to train other employees to perform these duties.

16. The union never intended to protect the employment rights of the defendants rather they were protecting other members of the union.

17. This conduct resulted in Plaintiffs' income being greatly reduced.

18. As a direct and proximate result of the above-conduct of Defendants and each of them, Plaintiffs were each injured in an amount that exceeds $25,000.00

19. As a legal and proximate result of Plaintiffs' being placed on call Plaintiffs have suffered harm including; emotional distress, loss of wages, loss of medical benefits and medical costs incurred in behalf of Plaintiffs and their dependents.

20. Defendant's placing of Plaintiffs on call was willful, oppressive and in blatant

LW/NorCalCmp

COMPLAINT FOR DAMAGES

James Allen Smith, et. al.  vs. Nor Cal, et. al.

Page 3

1  disregard of Plaintiffs' rights. Thereby justifying an award of punitive damages.

### THIRD CAUSE OF ACTION

### BREACH OF EMPLOYMENT CONTRACT

4          As a third and separate cause of action, Plaintiffs allege as follows:

5          21.    Plaintiff incorporates each allegation contained in paragraphs 1 - 20 herein.

6          22.    Plaintiffs allege that they were the third party beneficiaries of an agreement

7  between the City of San Jose. Plaintiffs are informed and believe that this agreement provided

8  that the City of San Jose would pay additional sums of money to NORCAL to offset the higher

9  costs incurred when their current employees joined the Teamsters Union.

10          23.    That Plaintiffs were to benefit by retaining their jobs under the contract between

11  NORCAL and the City of San Jose.

12          24.    Plaintiffs are informed, believe and thereon allege the intent of the agreement

13  between NORCAL and the City of San Jose was to insure job security. That this agreement

14  provided that individuals in the place of Plaintiffs and each of them would be employed during

15  the lifetime of the contract between NORCAL and the City of San Jose.

### FOURTH CAUSE OF ACTION

### BREACH OF UNION CONTRACT

18          As a third and separate cause of action, Plaintiffs allege as follows:

19          25.    Plaintiff incorporates each allegation contained in paragraphs 1 - 20 herein.

20          26.    Plaintiffs and each of them were not members of union and had not been such

21  members during the time that they were employed by BFI. Further, when they transferred to

22  NORCAL as alleged herein they were required to join the SANITARY TRUCK DRIVERS

23  AND HELPERS UNION, LOCAL 350.

24          27.    Further NORCAL lured Plaintiffs to become employees they were promised

25  certain benefits. Among these benefits was the higher salary, they were to maintain their

26  seniority, and to have job security.

27          WHEREFORE, Plaintiffs pray for judgment as follows:

28          1.    For the first, second and third causes of action, damages for loss of income according

James Allen Smith, et. al.  vs. Nor Cal, et. al.

Page 4

to proof.

2. For damages of loss of medical benefits;

3. For damages of medical costs incurred;

4. For damages of emotional distress;

5. Punitive damages according to proof.

6. For damages for costs of suit and such other relief as the court deems appropriate.

Dated: August 4, 2005



LYLE W. JOHNSON
Attorney for Plaintiffs

LWJ/NorCalCmp

COMPLAINT FOR DAMAGES

James Allan Smith, et. al. vs. Nor Cal, et. al.
Page 5

Case 5:05-cv-03706-RMW    Document 1    Filed 09/14/2005    Page 10 of 10

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LYLE W. JOHNSON, ESQ., STATE BAR #071362 | |
| 152 North Third Street, Suite 510 | |
| San Jose, California 95112 | |
| TELEPHONE NO.: 408/298-8262   FAX NO. (Optional): 408/298-8010 | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): Plaintiffs | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA | |
|---|---|
| STREET ADDRESS: 191 North First Street | |
| MAILING ADDRESS: 191 North First Street | |
| CITY AND ZIP CODE: San Jose, California 95113 | |
| BRANCH NAME: UNLIMITED JURISDICTION | |

| PLAINTIFF/PETITIONER: JAMES ALLEN SMITH, et. al. | |
|---|---|
| DEFENDANT/RESPONDENT: NORCAL WASTE SYSTEMS OF SAN JOSE, INC., et. al. | |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: |
|---|---|
| | 1-05-CV-046879 |

*[handwritten notes in FOR COURT USE ONLY box]*

TO (insert name of party being served): NORCAL WASTE SYSTEMS OF SAN JOSE, INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 19, 2005

LYLE W. JOHNSON, ESQ.
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒ A copy of the summons and of the complaint.
2. ☐ Other (specify):

(To be completed by recipient):

Date this form is signed: 8/30/05

JULIE BRETTAULI-KISER  dc/abced
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.accesslaw.com

**EXHIBIT B**

E-FILED on ____11/1/05____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES ALLEN SMITH, JIMMY DALE YOUNG, and THOMAS DON FORD, | No. C-05-03706 RMW |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| v. | |
| NORCAL WASTE SYSTEMS OF SAN JOSE, INC.; SANITARY TRUCK DRIVERS AND HELPERS UNION , LOCAL 350; and DOES ONE THROUGH FIFTY, | [Re Docket Nos. 9, 11, 13, 15, 16] |
| Defendants. | |

Defendants Norcal Waste Systems of San Jose, Inc. and Sanitary Truck Drivers and Helpers Union, Local 350 move for an order dismissing all claims of the plaintiffs under Rule[1] 12(b). For the reasons stated below, the court grants the defendants' motions.

## I. BACKGROUND

The following facts are taken from the complaint and are accepted as true (as they must be) for the purposes of the defendants' motions to dismiss. Plaintiffs previously worked for Browning Ferris Industries ("BFI"), a waste management company, and were not members of Sanitary Truck Drivers and Helpers

---
[1]    All references to a "Rule" are to a Federal Rule of Civil Procedure.

1  Union, Local 350 ("the union"). Norcal Waste Systems of San Jose, Inc. ("Norcal") told plaintiffs that if

2  they would leave BFI and come work for Norcal, plaintiffs would retain their seniority and have

3  employment for as long as Norcal had a municipal contract to haul yard waste in and sweep the streets of

4  San José, California. Plaintiffs accepted this offer, joined the union, and trained Norcal employees to do

5  the work that plaintiffs had done for BFI. Norcal eventually placed plaintiffs on "on call" status, meaning

6  that the plaintiffs did not have steady work with Norcal but instead had to call in each day and inquire if

7  there was work for them that day.

8      The plaintiffs filed a four-count complaint in the Santa Clara County Superior Court against Norcal

9  and their union, alleging claims for *de facto* termination in violation of public policy, fraudulent inducement

10 to change employment, and breach of contract. The defendants removed the case to federal court and

11 move to dismiss all the claims under Rule 12(b).

12                                    **II. ANALYSIS**

13 **A.  Jurisdiction**

14      The Supreme Court has commanded that "when resolution of a state-law claim is substantially

15 dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that

16 claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law."

17 *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citation omitted). Although a plaintiff

18 is generally the master of his complaint and can avoid federal jurisdiction by limiting himself to state-law

19 theories of recovery, claims under § 301 of the National Labor Relations Act ("NLRA") so completely

20 preempt state law that a claim cognizable under § 301 will be treated as a federal cause of action, even if

21 pleaded in entirely state-law terms. *See generally* Charles Alan Wright, Mary Kay Kane, *Law of Federal*

22 *Courts* § 38 (6th ed. 2002). In their complaint, plaintiffs did not identify the law upon which they based

23 their claims, but their claims appear to be based on state-law causes of action. In their notice of removal,

24 defendants asserted that plaintiffs' claims were essentially claims within the ambit of the NLRA, 29 U.S.C.

25 §§ 141-187, and that this court therefore had jurisdiction pursuant to 28 U.S.C. § 1331.

26      The burden of pleading and proving federal jurisdiction is on the party seeking to invoke federal

27 jurisdiction. *Sissoko v. Rocha*, 412 F.3d 1021, 1035 (9th Cir. 2005). In support of its assertion that

28 federal jurisdiction exists over the present dispute, Norcal offers a copy of the collective bargaining

Case 5:05-cv-03706-RMW    Document 17    Filed 11/01/2005    Page 3 of 8

1   agreement between itself and the union. Decl. of John Nicoletti, Ex. A. The Ninth Circuit has instructed

2   that "a district judge may generally consider a document outside the complaint when deciding a motion to

3   dismiss if the complaint specifically refers to the document and if its authenticity is not questioned."

4   *Inlandboatmens Union of Pacific v. Dutra Group*, 279 F.3d 1075, 1083 (9th Cir. 2002). Additionally,

5   "a district court is free to hear evidence regarding jurisdiction and to resolve factual disputes in determining

6   whether it has jurisdiction over a claim." *Id.; see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d

7   993, 997 (9th Cir. 1987) (noting that although complaint did not mention collective bargaining agreement,

8   district court "properly looked beyond the face of the complaint to determine whether the contract claim

9   was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded to avoid

10   federal jurisdiction'"). Plaintiffs acknowledge the existence of a collective bargaining agreement that covers

11   their employment with Norcal. Pls.' Reply at 2. Since the existence of the collective bargaining agreement

12   is central to the existence of federal jurisdiction over this case, and the plaintiffs do not challenge its

13   authenticity, the court will consider it.

14        For this court to have jurisdiction over this action, at least one of the plaintiffs' causes of action must

15   be preempted by the NLRA. Defendants argue that all four causes of action are preempted, and the

16   plaintiffs do not deny that three are. Nonetheless, since federal jurisdiction cannot be conferred by consent,

17   waiver, or estoppel, this court must satisfy itself that jurisdiction exists. *See Richardson v. U.S.*, 943 F.2d

18   1107, 1113 (9th Cir. 1991).

19        Article 21 of the parties' collective bargaining agreement outlines the grievance and arbitration

20   procedure. The scope of this arbitration clause is not as clearly defined as it could be, stating that it covers

21   all "condition[s] that exists as a result of an unsatisfactory adjustment or failure to adjust a claim or dispute

22   by an employee or employees, the steward or union representative concerning rates of pay, hours of

23   working conditions set forth herein, or the interpretation or application of this Agreement." Perhaps the first

24   *of* was supposed to be an *or*.[2] In any case, the agreement seems to indicate that disputes regarding "hours"

25   are to be arbitrated, and plaintiffs' complaint stems from a reduction in the number of hours of work

26

27

28        [2]    Norcal appears to agree. On page 2 of its motion to dismiss, Norcal reproduces this

phrase as "*concerning rates of pay, hours [or] working conditions,*" (emphasis and alteration in original).

1  available to them. At least part of the plaintiffs' complaint is therefore covered by the collective bargaining

2  agreement, and at least one of their state-law claims is therefore preempted by the NLRA.

3      This court therefore has jurisdiction over the preempted claims pursuant to 28 U.S.C. § 1331. All

4  claims arise from a common nucleus of operative fact—Norcal's alleged downgrading of the plaintiffs to "on

5  call" status—so this court has jurisdiction over unpreempted claims, if any, pursuant to 28 U.S.C. § 1367.

6  **B. Preemption**

7      Norcal moves to dismiss the plaintiffs' entire complaint under Rule 12(b); the union moves under

8  Rule 12(b)(6). The plaintiffs, as noted above, do not oppose the motions as to the second, third, and

9  fourth causes of action, which are captioned as fraudulent inducement to change employment, breach of

10  employment contract, and breach of union contract, respectively. The motions to dismiss are therefore

11  granted as to the second, third, and fourth causes of action.

12      This leaves only the plaintiffs' first cause of action, for *de facto* termination in violation of public

13  policy. This cause of action contains a fairly straightforward allegation of wrongful termination and appears

14  to be a directed only against Norcal. The union is not mentioned in the cause of action as pled. This would

15  leave Norcal as the sole defendant, though the union, perhaps out of an abundance of caution, has joined

16  Norcal in arguing for dismissal. In opposing the motions to dismiss this cause of action, the plaintiffs refer to

17  "Defendants' false statements" and claim they "were exploited by Defendants." The court will therefore

18  consider the union's arguments for dismissal of this cause of action.

19      Defendants claim this cause of action is preempted by § 301 and should be dismissed. If, on the

20  other hand, it is a state-law cause of action entirely separate from and not preempted by § 301 (as plaintiffs

21  claim), the court has discretion to remand the action to the superior court. *See* 28 U.S.C. § 1367(c)(3).

22      The Ninth Circuit's decision in *Young* controls the disposition of the present case. In *Young*, the

23  plaintiff alleged that she had been lured back to work at defendant's restaurant with a false oral promise that

24  she could be discharged only for cause, then fired in violation of this promise. 830 F.2d at 996. The

25  plaintiff, Young, argued that the oral promise gave her an employment agreement independent of the

26   

27      <sup>3</sup> It is unclear if Norcal seeks dismissal under Rule 12(b)(6) or "an unenumerated Rule 12(b)
   motion," *see Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003), based on the plaintiffs' failure to
   adhere to the collective bargaining agreement. While greater specificity would clarify Norcal's motion,

28  "[n]o technical forms of pleading or motions are required," FRCivP 8(e)(1), so the court will consider
   Norcal's arguments.

1  collective bargaining agreement ("CBA") that covered the restaurant's waitstaff. *Id.* at 997. The Ninth

2  Circuit rejected this argument, stating

> 3  The subject matter of [the plaintiffs] contract, however, is a job position covered by the
> 4  CBA. Because any independent agreement of employment concerning that job position
> 5  could be effective only as part of the collective bargaining agreement, the CBA controls and
> 6  the contract claim is preempted. By way of contrast, a breach of contract claim concerning
>    a job not governed by a collective agreement could be effective independent of the
>    agreement and is therefore not completely preempted. Young's individual contract claim is
>    this effectively a claim for breach of the CBA.

7  *Id.* at 997-98 (internal quotation marks, brackets, and citations omitted). The plaintiffs here can likewise

8  have no contract independent of the collective bargaining agreement, and any claims based on promises

9  made to induce the plaintiffs to switch employers must be brought under § 301.

10  The Ninth Circuit in *Young* further held that the plaintiff's fraud and misrepresentation claims were

11  preempted by § 301:

> 12  Young urges that her state tort claims for fraud and negligent misrepresentation do
> 13  not arise from interpretation of the CBA, but rather from oral representations made in
>     connection with her reinstatement. She alleges that [the defendant] falsely represented that
> 14  she could be discharged only for good cause. As in *Allis-Chalmers*, however, determining
> 15  Young's misrepresentation claims would require interpretation of the collective agreement.
>     In order to prove misrepresentation, Young would be required to show that the terms of
> 16  the CBA differed significantly from the terms of the individual contract. As resolution of her
>     misrepresentation claims would substantially depend on interpretation of the terms of the
>     CBA, the claims are preempted.

17  *Id.* at 1001. To the extent the plaintiffs' first cause of action is based on fraud or misrepresentation, it is

18  preempted since it would require the court to consider the collective bargaining agreement.

19  The Ninth Circuit did allow for the possibility that a claim based on wrongful termination in violation

20  of public policy would not be preempted by § 301, stating that "a claim is not preempted if it poses no

21  significant threat to the collective bargaining process and furthers a state interest in protecting the public

22  transcending the employment relationship." *Id.* The court gave examples of claims that would not be

23  preempted (those based on state statutes to protect whistleblowers or worker health and safety) and claims

24  that would (those based on "state registration statue" or "public policy against harassment on the job"). *Id.*

25  at 1002. The court in *Young* then held the plaintiff's wrongful termination in violation of public policy claim

26  preempted because she could not "identify any state statute or other relevant public policy of California"

27  that gave her a protectable interest "transcending the employment relationship." *Id.*

28

Here, the plaintiffs argue that California has a public interest, indicated by Labor Code § 970, in protecting employees from fraud. Section 970 prohibits an employer from making false representations to induce a worker to "change from one place to another," either from one place to another inside California or an interstate move with one endpoint in California.[4]   The plaintiffs' complaint states that BFI and then Norcal held the sanitation contract with the City of San José, so there would have been no reason for plaintiffs to change residences when they changed employers from BFI to Norcal. Labor Code § 970 thus does not provide plaintiffs with an interest here.

Plaintiffs argue that the alleged fraudulent inducement to change employers provides a protectable interest "analogous to" that provided by Labor Code § 970. This, however, would return plaintiffs to a fraud cause of action of the sort which the Young court held preempted by § 301. See 830 F.2d at 1001.

Plaintiffs also argue that Hunter v. Up-Right, Inc., 6 Cal. 4th 1174 (1993), sets forth the public policy of California which prohibits employers from "induc[ing] individuals to leave their employment for employment which is less permanent than represented." Pls.' Opp'n at 3.   The court does not doubt that the public policy of California is to prevent such fraudulent misrepresentations by employers.   The issue, however, is not whether the plaintiffs can identify any state interest, but rather one which "transcend[s] the employment relationship" and thus takes the plaintiffs claims outside the scope of the collective bargaining agreement.   See Young, 830 F.2d at 1002.   Duration of employment is a matter covered by the collective bargaining agreement, and the plaintiffs' cause of action for discharge in violation of public policy is thus preempted by § 301.

C.   **Statute of limitations and exhaustion of administrative remedies**

---

4       That section provides in full:

§ 970. Misrepresentations

No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either:

(a) The kind, character, or existence of such work;
(b) The length of time such work will last, or the compensation therefor;
(c) The sanitary or housing conditions relating to or surrounding the work;
(d) The existence or nonexistence of any strike, lockout, or other labor dispute affecting it and pending between the proposed employer and the persons then or last engaged in the performance of the labor for which the employee is sought.

Case 5:05-cv-03706-RMW    Document 17    Filed 11/01/2005    Page 7 of 8

1    The defendants argue that plaintiffs' first cause of action must be dismissed because the plaintiffs did

2    not adhere to the grievance procedure in the collective bargaining agreement and because the statute of

3    limitations has run on any § 301 claim plaintiffs may have had. According to the complaint, Norcal put the

4    plaintiffs on "on call" status "on or about November 6, 2003." Compl. ¶ 13. The plaintiffs filed their

5    complaint on August 10, 2005, some twenty months later.

6    Norcal argues that plaintiffs' complaint is barred by either the statute of limitations or by the

7    plaintiffs' failure to use the grievance procedure laid out in the collective bargaining agreement. The court

8    agrees that one of these conclusions is inevitable. If the plaintiffs' failure to submit their grievance to the

9    arbitration procedure is not somehow excused, *Young* mandates dismissal. If the plaintiffs' failure to

10    arbitrate is excused, as they claim in their opposition, by the union telling the plaintiffs that there was nothing

11    it could do for them, *see* Pls.' Opp'n at 4, the six-month statute of limitation on such a suit has run.

12    The Supreme Court has held that the failure to exhaust contractual remedies under a collective

13    bargaining agreement is excusable if "the union representing the employee in the grievance/arbitration

14    procedures . . . breach[es] its duty of fair representation." *DelCostello v. Int'l Bhd. of Teamsters*, 462

15    U.S. 151, 164 (1983). In such a case, though, the Court held that the statute of limitations was six months.

16    *Id.* at 155. The plaintiffs' § 301 cause of action was thus filed fourteen months too late, or is barred by

17    *Young*. Either way, it must be dismissed.

18    **III. ORDER**

19    For the forgoing reasons, defendants' motions to dismiss are granted as to all causes of action.

20    While the court questions whether the plaintiffs can allege a viable claim, the court nevertheless grants

21    plaintiffs thirty days' leave to file an amended complaint.

22

23

24    DATED:    _____10/31/05_____

                               /s/ Ronald M. Whyte
25                                   RONALD M. WHYTE
                               United States District Judge

26

27

28

EXHIBIT C



1  LYLE W. JOHNSON, State Bar #071362
   Attorney at Law
2  152 North Third Street, Suite 510
   San Jose, California 95112
3  Telephone:  (408) 298-8262
   Facsimile:  (408) 298-8010
4

5  JEFFREY E. ELLIOTT, BAR NO. #141190
   Attorney at Law
6  28 North First Street, Suite 500
   San Jose, California 95113
7  Telephone:  (408) 971-2021
   Facsimile:  (408) 971-2788
8

9  Attorneys for Plaintiffs, JAMES ALLEN SMITH, JIMMY DALE YOUNG, and
10 THOMAS DALE FORD.

11

12

13            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                 IN AND FOR THE COUNTY OF SANTA CLARA

15

16

17 JAMES ALLEN SMITH,                      CASE NO.: 5:05-CV-03706-RMW
   JIMMY DALE YOUNG, and
18 THOMAS DON FORD,                        FIRST AMENDED
                                           COMPLAINT FOR DAMAGES FOR
19                                         TORTIOUS DISCHARGE IN
                                           VIOLATION OF PUBLIC POLICY;
20              Plaintiffs,                 BREACH OF CONTRACT;
                                           BREACH OF COVENANT OF GOOD
21         vs                              FAITH AND FAIR DEALING

22 NORCAL WASTE SYSTEMS OF SAN
   JOSE, INC. SANITARY TRUCK DRIVERS
23 AND HELPERS UNION, LOCAL 350,
   and DOES 1 through 50,
24
25              Defendants.

26 Plaintiffs allege:

27         1.    At all times relevant herein, Defendant, NORCAL WASTE SYSTEMS OF SAN

28

LWJ/Smith 1st Amended Cmp                James Allen Smith, et. al.  vs. Nor
                                         Cal, et. al.
                COMPLAINT FOR DAMAGES                                      Page 1

1    JOSE, INC., a subsidiary of NORCAL Corporations, (hereinafter referred to as "NORCAL") was

2    and is a corporation authorized to do business in the State of California.

3        2.    At all times relevant here, Defendant, SANITARY TRUCK DRIVERS

4    AND HELPERS UNION, LOCAL 350, an affiliate of the International Brotherhood of

5    Teamsters, Chauffeurs, Warehousemen and Helpers of America, (hereinafter referred to as the

6    "UNION"), was a labor union recognized by the United States Department of Labor.

7        3.    Plaintiff's filed their complaint within 6 months of the time they knew that a

8    grievance could be filed regarding their being placed on call.

9        4.    Plaintiff's filed this complaint within the California statute of limitations.

10                    FIRST CAUSE OF ACTION

11            DE FACTO TERMINATION IN VIOLATION OF PUBLIC POLICY

12        5.    Prior to August, 2001, Browning Ferris Industries (hereinafter referred to as

13    "BFI") had the contract to collecting yard waste, and street sweeping for the City of San Jose,

14    California. During that time, Plaintiffs were employed by BFI in various positions in the

15    fulfillment of this contract.

16        6.    On or about March, 2001, the above-referenced contract, to haul yard waste,

17    sweep streets and haul garbage, was entered into between NORCAL and the City of San Jose,

18    California.

19        7.    At that time Plaintiff's were employed by BFI.

20        8.    Plaintiffs and each of them were told by NORCAL that if they transferred from

21    BFI to NORCAL that they would have a job so long as the contract to haul yard waste and sweep

22    streets.

23        9.    Plaintiffs and each of them were told by NORCAL that when they transferred

24    from BFI to NORCAL that they would retain the same seniority that they had while employed by

25    BFI.

26        10.    At the time that plaintiffs were hired, NORCAL and the Union maintained three

27    lists of employees and their seniority was determined by the list on which they were placed.

28

1    11.    When plaintiffs were hired it was with the understanding and promise that they

2 would each placed on the list of employees that worked yard waste and street sweeping.  On this

3 list each of them had sufficient seniority to insure that they worked at least 40 hours per week.

4    12.    After Plaintiffs and each of them transferred from BFI to NORCAL they were

5 used to train the NORCAL employees and were then used to train other employees to perform

6 the jobs which they were performing BFI and at NORCAL.

7    13.    The Union and NORCAL conspired to and did agree to modify the seniority lists

8 of employees by combining the yard waste and street sweeping list with the garbage collection

9 list.  The result of the action was to place plaintiffs so far down the seniority list that they were

10 placed on call.  Plaintiffs were told that they could not seek employment with other employers to

11 fill in the gaps in their work schedules.  They were told that they could work only for NORCAL

12 at the San Jose facility and they could not work at any other NORCAL facility in the Bay area.

13    14.    Plaintiffs' being placed on call, that is having to call in each day to ask whether

14 there was work for them.  As a legal and proximate result of the above conduct Plaintiff's have

15 suffered harm including: emotional distress, loss of wages, loss of medical benefits and medical

16 costs incurred in behalf of Plaintiffs and their dependents.

17    15.    Defendant's displacement of Plaintiffs was willful, oppressive and in blatant

18 disregard of Plaintiffs' rights.  Thereby justifying an award of punitive damages.

19    **SECOND CAUSE OF ACTION**

20    **FRAUDULENT INDUCEMENT TO CHANGE EMPLOYMENT**

21    As a second and separate cause of action Plaintiffs plead as follows:

22    16.    Plaintiffs incorporate each allegation contained in paragraphs 1- 13 herein.

23    17.    Plaintiffs allege that Defendants and each of them promised retain plaintiffs as

24 regular employees during the life time NORCAL'S contract with the City of San Jose.  That

25 Plaintiffs were enticed to quit their jobs with BFI by the promise of NORCAL'S management

26 promises that they would be steadily employed during the life time of the contract with San Jose.

27    18.    These promises were made on several occasions during the time between the

28

LWJ/NORCAL 1st Amended Cmp        James Allen Smith, et. al.  vs. Nor        Cal, et. al.

COMPLAINT FOR DAMAGES        Page 3

1   awarding the contract for yard waste hauling to defendant, and date Plaintiffs were hired by

2   defendant. Plaintiffs, were employed full time by NORCAL until on or about November 6,

3   2003. At the time they were hired plaintiffs NORCAL and the union knew at that time that the use of three

4   the seniority of employees. Both NORCAL and the union knew at that time that the use of three

5   seniority lists would be changed to 2 seniority lists a short time in the future. The three lists were

6   treated as separate groups with each group having its own seniority placement. Thereafter,

7   Plaintiffs were reclassified, that is the list for yard waste and street sweeping was merged into the

8   garbage hauling list. This resulted in plaintiff's being near the bottom of the seniority list.

9       Thereby resulting in their being assigned on an as-needed basis.

10          19.      At the time the above promises were made by NORCAL they knew or should

11   have known that yard waste and street sweeping and the garbage collection seniority list would

12   be merged.

13          20.      But for the false promise of defendant, NORCAL, that they would have

14   employment during the lifetime of the yard waste contract with the City of San Jose, and the

15   promise of the union to protect their rights as employees, they would not have left their stable

16   employment with BFI and accepted employment with NORCAL.

17          21.      Rather the purpose of NORCAL in inducing plaintiffs to come to work for them

18   was to comply with the yard waste hauling contract and obtain individuals to train other

19   employees to perform these duties.

20          22.      The union was aware of the above conduct of NORCAL and never intended to

21   protect the employment rights of the plaintiffs rather they intended to protect other members of

22   the union. The Union was aware of the purpose for NORCAL hiring plaintiffs.

23          23.      This conduct resulted in Plaintiffs' income being greatly reduced.

24          24.      As a direct and proximate result of the above-conduct of Defendants and each of

25   them, Plaintiffs were each injured in an amount that exceeds $25,000.00

26          25.      As a legal and proximate result of Plaintiffs' being placed on call Plaintiffs have

27   suffered harm including: emotional distress, loss of wages, loss of medical benefits and medical

28

LWJ/NORCAL1st Amended Cmp

COMPLAINT FOR DAMAGES

Cal, et. al.
James Allen Smith, et. al. vs. Nor

Page 4

1   costs incurred in behalf of Plaintiffs and their dependents.

2       26.     Defendant's placing of Plaintiffs on call was willful, oppressive and in blatant

3   disregard of Plaintiffs' rights.  Thereby justifying an award of punitive damages.

4                            THIRD CAUSE OF ACTION

5                     BREACH OF EMPLOYMENT CONTRACT

6       As a third and separate cause of action, Plaintiffs allege as follows:

7       27.     Plaintiff incorporates each allegation contained in paragraphs 1 - 23 herein.

8       28.     Plaintiffs allege that they were the third party beneficiaries of an agreement

9   between the City of San Jose.  Plaintiffs are informed and believe that this agreement provided

10  that the City of San Jose would pay additional sums of money to NORCAL to offset the higher

11  costs incurred when their current employees joined the Teamsters Union.

12      29.     That Plaintiffs were to benefit by retaining their jobs under the contract between

13  NORCAL and the City of San Jose.

14      30.     Plaintiffs are informed, believe and thereon allege the intent of the agreement

15  between NORCAL and the City of San Jose was to insure job security.  That this agreement

16  provided that individuals in the place of Plaintiffs and each of them would be employed during

17  the lifetime of the contract between NORCAL and the City of San Jose.

18                           FOURTH CAUSE OF ACTION

19                        BREACH OF UNION CONTRACT

20      As a third and separate cause of action, Plaintiffs allege as follows:

21      31.     Plaintiff incorporates each allegation contained in paragraphs 1 - 20 herein.

22      32.     Plaintiffs and each of them were not members of union and had not been such

23  members during the time that they were employed by BFI.  Further, when they transferred to

24  NORCAL as alleged herein they were required to join the SANITARY TRUCK DRIVERS

25  AND HELPERS UNION, LOCAL 350.

26      33.     Further NORCAL lured Plaintiffs to become employees they were promised

27  certain benefits.  Among these benefits was the higher salary, they were to maintain their

28

LWI/NORCAL1st Amended Cmp                  Cal, et. al.                    Page 5
                                         James Allen Smith, et. al.  vs. Nor
                                         COMPLAINT FOR DAMAGES

1  seniority, and to have job security.

2  34.  The Union supported this action by allowing NORCAL to have a separate

3  seniority list for they yard waste and street sweeping positions. This list was maintained for more

4  than one year. During that year plaintiffs were required to train other employees, from the

5  garbage hauling seniority list, to perform their jobs. After it appeared that others had been

6  trained sufficiently to perform the yard waste and street sweeping, NORCAL and the Union then

7  agreed to merge the yard waste and street sweeping into the garbage list. Thereby reducing the

8  position of plaintiffs on the seniority list so low that they became part time employees.

9  35.  Plaintiffs complained about this change to the Union and were told that there was

10  nothing that they could do. Plaintiffs were unaware of any other course of action that they could

11  take. The prior conduct of the Union told plaintiffs that further complaint would not result in any

12  action being taken in their behalf.

13  **WHEREFORE,** Plaintiffs pray for judgment as follows:

14  1.  For the first, second and third causes of action, damages for loss of income according

15  to proof;

16  2.  For damages of loss of medical benefits;

17  3.  For damages of medical costs incurred;

18  4.  For damages of emotional distress;

19  5.  Punitive damages according to proof.

20  6.  For damages for costs of suit and such other relief as the court deems appropriate.

21

22  Dated: November 25  2005

23

24                              _Lyle W. Johnson_
                               LYLE W. JOHNSON
25                             Attorney for Plaintiffs

26

27

28

EXHIBIT D

Case 5:05-cv-03706-RMW    Document 36    Filed 03/07/2006    Page 1 of 8

1
2
3
4
5
6
7
8

**E-FILED on ___3/7/2006___**

9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

11
12 | JAMES ALLEN SMITH, JIMMY DALE
13 | YOUNG, and THOMAS DON FORD,
14 |                    Plaintiffs,
15 |         v.
16 | NORCAL WASTE SYSTEMS OF SAN JOSE,
   | INC.; SANITARY TRUCK DRIVERS AND
17 | HELPERS UNION, LOCAL 350; and DOES
   | ONE THROUGH FIFTY,
18 |
19 |                    Defendants.

No. C-05-03706 RMW

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS FIRST AMENDED
COMPLAINT

**[Re Docket Nos. 22, 23]**

20    Defendants Norcal Waste Systems of San Jose, Inc. and Sanitary Truck Drivers and Helpers

21 Union, Local 350 move for an order dismissing all claims of the plaintiffs under Federal Rule of

22 Civil Procedure 12(b) and 12(b)(6). For the reasons stated below, the court grants the defendants'

23 motions.

24                                **I. BACKGROUND**

25    The following facts are taken from the complaint and are accepted as true (as they must be)

26 for the purposes of the defendants' motions to dismiss. Plaintiffs previously worked for Browning

27 Ferris Industries ("BFI"), a waste management company, and were not members of Sanitary Truck

28 Drives and Helpers Union, Local 350 ("the Union"). Norcal Waste Systems of San Jose, Inc.,

Case 5:05-cv-03706-RMW    Document 36    Filed 03/07/2006    Page 2 of 8

1  ("Norcal") told plaintiffs that if they would leave BFI and come work for Norcal, plaintiffs would

2  retain their seniority and have employment for as long as Norcal had a municipal contract to haul

3  yard waste in and sweep the streets of San José, California. Plaintiffs accepted this offer, joined the

4  Union, and trained Norcal employees to do the work that plaintiffs had done for BFI. Norcal

5  eventually placed plaintiffs on "on call" status, meaning that the plaintiffs did not have steady work

6  with Norcal but instead had to call in each day and inquire if there was work for them that day.

7  The plaintiffs' initial complaint was filed in Santa Clara County Superior Court against

8  Norcal and the Union, alleging claims for de facto termination in violation of public policy,

9  fraudulent inducement to change employment, and breach of contract. The defendants removed the

10  case to federal court and moved to dismiss all the claims. This court issued an order on November

11  1, 2005 ("Order") granting defendants' motion to dismiss with respect to all claims and, while

12  expressing doubt as to plaintiffs' ability to ultimately state a viable claim, gave plaintiffs 30 days'

13  leave in which to amend. Order at 7.

14  Plaintiffs have since filed a first amended complaint ("FAC") in which they reassert each of

15  their four original claims against defendants, and the defendants have again moved to dismiss all the

16  claims under Rule 12(b) and 12(b)(6).

17  **II. ANALYSIS**

18  **A. Jurisdiction**

19  Defendants contend, as they did in response to plaintiffs' initial complaint, that all four

20  causes of action alleged by plaintiffs are completely preempted by section 301 of the Labor

21  Management Relations Act ("LMRA") and therefore fall within this court's original jurisdiction.

22  Plaintiffs do not dispute this assertion; however, their claims still appear to be framed in terms of

23  state law. This court must therefore take care to ensure that the exercise of jurisdiction over

24  plaintiffs' claims is nonetheless proper. This court has already held, with respect to plaintiffs' initial

25  complaint, that all four causes of action were indeed preempted by section 301. Order at 4:10-11;

26  6:17-19. This court must decide whether plaintiffs have pled this time anything in their FAC which

27  compels a different conclusion.

28

Case 5:05-cv-03706-RMW     Document 36     Filed 03/07/2006     Page 3 of 8

1   Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts

2   between an employer and a labor organization." 29 U.S.C. § 185(a). Suits claiming a breach of a

3   collective bargaining agreement ("CBA") are governed by section 301, which displaces any state

4   claim based on a CBA, as well as any state claim whose outcome depends on the interpretation of

5   the terms of a CBA. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987);

6   *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1998); *Cook v. Lindsay Olive Growers*,

7   911 F.2d 233, 237 (9th Cir. 1990). A state claim is also preempted by section 301 where it does not

8   specifically refer to a CBA but is nonetheless "substantially dependent upon analysis of the terms of

9   an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471

10  U.S. 202, 213 (1985).

11          *I. De Facto Termination in Violation of Public Policy*

12          In considering plaintiffs' original complaint, this court found that plaintiffs' first cause of

13  action—for *de facto* termination in violation of public policy—was preempted by section 301.

14  Relying on *Young*, this court held in its first order that "to the extent the plaintiffs' first cause of

15  action is based on fraud or misrepresentation, it is preempted since it would require the court to

16  consider the collective bargaining agreement." Order at 5:17-18. The court, however, noted that

17  *Young* allows a narrow exception to the general preemption rule in cases where a claim for wrongful

18  termination presents a protectable interest which "transcend[s] the employment relationship." Order

19  at 5:26-27 (quoting *Young*, 830 F.2d at 1002).

20          Plaintiffs' FAC offers nothing, however, which would imply such an interest. Instead,

21  plaintiffs have simply made more specific allegations about the promises Norcal made to plaintiffs

22  with respect to the hours they would be given and have alleged that such promises were made in bad

23  faith pursuant to a conspiracy between the Union and Norcal. *See* FAC ¶¶ 7, 8, 10-12, 17.

24  Plaintiffs' amendments do not imply a protectable interest that transcends the employment

25  relationship and do nothing to alter the conclusion that their allegations implicate provisions of the

26  CBA. *See, e.g.*, CBA, arts. 8, 18. There is therefore no reason for this court to disturb its finding

27  that plaintiffs' claim for *de facto* termination in violation of public policy is preempted by section

28  301.

Case 5:05-cv-03706-RMW    Document 36    Filed 03/07/2006    Page 4 of 8

### 2. *Fraudulent Inducement to Change Employment*

Plaintiffs' second cause of action alleges, in essence, that Norcal guaranteed them a certain level of seniority if they left their previous employer to work for Norcal and that, furthermore, Norcal made these promises with the knowledge and intention of ultimately altering plaintiffs' seniority status once they had joined Norcal's employ. FAC ¶¶ 16-26. Analysis of this cause of action is "substantially dependent" on the provisions in the CBA concerning "Seniority and Assignment of Work" and is therefore preempted by section 301. *See* CBA, art. 8.

### 3. *Breach of Employment Contract*

Plaintiffs further allege that they were third-party beneficiaries of a contractual agreement between the City of San José and defendant Norcal. FAC ¶¶ 27-30. Analysis of this claim is "substantially dependent" on CBA provisions concerning "Classification and Wage Rates," *see* CBA, art. 5, and is therefore preempted by section 301.

### 4. *Breach of Union Contract*

This last cause of action is clearly preempted by section 301, as it claims a breach of the CBA itself. Where claims are completely preempted by section 301 of the NLRA, courts must decide whether to dismiss them or treat them as claims brought under section 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-221 (1985).

### 5. *Construing Plaintiffs' Claims as Federal Claims*

The law of this circuit requires this court, if it is to consider plaintiffs' claims any further, to construe them in a form which is cognizable under federal law. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). Despite being given leave to amend, plaintiffs have still framed their causes of action in the same state-law terms as their original complaint. Even more puzzling is the fact that plaintiffs' opposition to defendants' motions to dismiss cites only federal law and seems to assume that they have pled federal claims. Nevertheless, this court will construe plaintiffs' complaint as asserting a federal claim for breach of the collective bargaining agreement ("CBA") and a claim against the Union for a breach of its duty of fair representation. *See generally DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983). Plaintiffs furthermore appeared to agree at oral argument that those were their only claims.

## B. Statute of Limitations and Exhaustion of Remedies

In its original order, this court held that dismissal of plaintiffs' complaint was appropriate because it was "barred by either the statute of limitations or by the plaintiffs' failure to use the grievance procedure laid out in the collective bargaining agreement." Order at 7:6-7. In their amended complaint, plaintiffs have sought to cure these defects, first by claiming that they complained to the Union with respect to the changes in their employment situation, FAC ¶ 35, and furthermore asserting that this constituted "the greatest attempt to exhaust the grievance process that was permitted." Opp'n at 2:18-19. Plaintiffs then claim that the six-month statute of limitations should be tolled because, when they complained to Union officials, they were told that "there was nothing they could do," FAC ¶ 35, and because the Union "actively concealed its failure to fairly represent [them]." Opp'n at 3:8-9.

As the court noted in its original order, a failure to exhaust contractual remedies is excusable if "the union representing the employee in the grievance/arbitration procedures . . . breach[es] its duty of fair representation." Order at 7:12-14 (quoting *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 164 (1983)). This court need not, however, determine whether plaintiffs have stated a valid claim against the Union for the breach of such a duty, as their claim is, in any case, barred by the applicable six-month statute of limitations.

In a hybrid lawsuit such as this, containing an allegation a Union breached its duty of fair representation, plaintiffs are excused from the requirement of exhausting contractual remedies. *DelCostello*, 462 U.S. at 164. Hybrid claims are nonetheless subject to a six-month statute of limitations, which begins to run when an employee "knows or should know of the employer's breach of contract and the Union's breach of the Duty of Fair Representation." *Harris v. Alumax Mill Prods., Inc.*, 897 F.2d 400, 403-404 (9th Cir. 1990).

Despite the fact that the plaintiffs' FAC does not specify dates, plaintiffs do not contest that the date at which their seniority status was altered and at which they were told by the Union "that there was nothing they could do," FAC ¶ 35, was more than six months before they filed suit. With respect to defendant Norcal, the issue of when the statute of limitations began to run is relatively simple. The point at which Norcal allegedly breached the employment contract is the date on which

1   it consolidated its seniority lists. According to plaintiffs' FAC, this occurred on or about November

2   6, 2003. FAC ¶ 18. The statute of limitations therefore would normally have expired on or about

3   May 6, 2004.

4       As for defendant Union, the situation is slightly less clear. Plaintiffs do not offer any

5   information as to when they complained to the Union. Plaintiffs presumably complained to the

6   Union and were told that there was "nothing they could do" either in November 2003, when the lists

7   were consolidated, or soon thereafter. Because nearly twenty-one months elapsed between the

8   consolidation of the lists and the initial filing of plaintiffs' cause of action on August 10, 2005, exact

9   dates are not needed to conclude that, in the absence of circumstances which warrant equitable

10  tolling, the statute of limitations for a claim against the Union for a breach its duty of fair

11  representation had long since run when plaintiffs initiated suit. As mentioned above, plaintiffs do

12  not dispute they were told this more than six months before they filed.

13      Plaintiffs have asserted that the statute of limitations should be subject to tolling, at least with

14  respect to the claim for breach of the duty of fair representation against defendant Union. Opp'n at

15  3:10-11. In support of this assertion, plaintiffs cite *Rutledge v. Boston*, 576 F.2d 248 (9th Cir. 1978).

16  While *Rutledge* indeed offers the applicable standard for tolling in cases of fraudulent concealment,

17  plaintiffs' pleadings have fallen woefully short of that standard. *Rutledge* requires that a claim for

18  fraudulent concealment allege that the plaintiff was actually misled, that the plaintiff had neither

19  actual nor constructive knowledge of the facts constituting her claim for relief, and that the plaintiff

20  exercised due diligence in trying to uncover them. *Id.* at 250-251. *Rutledge* furthermore requires

21  that a plaintiff allege "affirmative conduct" which would lead a reasonable person to believe that she

22  did not have a cause of action. *Id.* at 251. Here, plaintiffs' only fact offered in support of the

23  Union's alleged fraudulent misrepresentation the union's alleged statement that there was "nothing

24  they could do" in response to plaintiffs' complaint. FAC ¶ 35. Plaintiffs otherwise offer conclusory

25  statements of fraudulent concealment and lack of actual or constructive knowledge of the facts

26  giving rise to their cause of action. Opp'n at 3:8-10.

27

28

Case 5:05-cv-03706-RMW   Document 36   Filed 03/07/2006   Page 7 of 8

1       Accordingly, plaintiffs have failed to meet the requirements of *Rutledge*. Equitable tolling is

2   therefore not appropriate in this case and plaintiffs' section 301 claims against defendant Norcal and

3   their claim against the Union for breach of the duty of fair representation are barred by the statute of

4   limitations. Plaintiffs have therefore failed to state a claim for which relief can be granted pursuant

5   to Rule 12(b)(6). Plaintiffs have had an opportunity to amend and the defect appears to be incurable.

6   Plaintiffs' claims must therefore be dismissed with prejudice.

7                         **III.  ORDER**

8       For the forgoing reasons, defendants' motions to dismiss are granted as to all causes of action

9   without leave to amend.

10

11

12   DATED:        3/7/06

13                           /s/ Ronald M. Whyte
                        RONALD M. WHYTE
                        United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 5:05-cv-03706-RMW    Document 36    Filed 03/07/2006    Page 8 of 8

1

**Notice of this document has been electronically sent to:**

2

**Counsel for Plaintiffs:**

3    Lyle W. Johnson         lylewjohnson@sbcglobal.net

4    Jeffrey E. Elliott

5    **Counsel for Defendants:**

6    Zach Hutton             zhutton@cdhklaw.com
     Stephen J. Hirschfeld
7    Duane B. Beeson         dbeeson@beesontayer.com
     Lisa W. Pau             lpau@beesontayer.com

8

9    Counsel are responsible for distributing copies of this document to co-counsel that have not
     registered for e-filing under the court's CM/ECF program.

10

11

12    **Dated:**

13                3/7/2006                              /s/ JH
                  ─────────                        **Chambers of Judge Whyte**
14                                                  ─────────────────────

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT.—No. C-05-03706 RMW
EO

8

**EXHIBIT E**

E-FILED on   3/7/2006

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMES ALLEN SMITH JIMMY DALE
YOUNG, and THOMAS DON FORD,

        Plaintiffs,

        v.

NORCAL WASTE SYSTEMS OF SAN JOSE,
INC.; SANITARY TRUCK DRIVERS AND
HELPERS UNION, LOCAL 350; AND DOES
ONE THROUGH FIFTY

        Defendants.

No. C-05-03706 RMW

JUDGMENT

Pursuant to this court's order granting defendants' motion to dismiss plaintiffs' first amended complaint, judgment shall be entered in favor of defendants and against plaintiffs. Plaintiffs shall take nothing by way of their complaint.

DATED:     3/7/06

        /s/ Ronald M. Whyte
        RONALD M. WHYTE
        United States District Judge

Case 5:05-cv-03706-RMW    Document 37    Filed 03/07/2006    Page 2 of 2

1

2  **Notice of this document has been electronically sent to:**

3  **Counsel for Plaintiff:**

4  Lyle W. Johnson          lylewjohnson@sbcglobal.net

5  Jeffrey E. Elliott

6  **Counsel for Defendant:**

7  Zach Hutton              zhutton@cdkhlaw.com

8  Stephen J. Hirschfeld

9  Duane B Beeson           dbeeson@beesontayer.com

10 Lisa W. Pau              lpau@beesontayer.com

11

12 Counsel are responsible for distributing copies of this document to co-counsel that have not registered
   for e-filing under the court's CM/ECF program.

13

14 .

15 **Dated:** _____ 3/7/2006 _____

16

17                              /s/ JH
                        **Chambers of Judge Whyte**

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT—No. C-05-03706 RMW
EO

2

EXHIBIT F

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES ALLEN SMITH;                                No. 06-15610
JIMMY DALE YOUNG;
THOMAS DON FORD,                                  D.C. No.: CV-05-03706-RMW

    Plaintiffs - Appellants,                      STIPULATION TO
                                                  DISMISS APPEAL
v.

NORCAL WASTE SYSTEMS
OF SAN JOSE, INC.; SANITARY
TRUCK DRIVERS AND HELPERS
UNION LOCAL 350,

    Defendants - Appellees.

_____

Pursuant to Federal Rule of Appellate Procedure 42(b), Appellants and

Appellees hereby move the Court for an order dismissing the above-captioned

appeal.

The parties have agreed that each side shall bear its own costs and fees on

appeal.

1

This Stipulation may be signed in counterparts. Faxed signatures shall be deemed to be original signatures.

Dated: October 25, 2006

LYLE W. JOHNSON, ESQ.
Attorney for Appellants

Dated: October 25, 2006

ZACH P. HUTTON, ESQ.,
Hirschfel & Kraemer, LLP
Attorney for Norcal Waste Systems of
San Jose, Inc., Appellees

Dated:

LISA W. PAU, ESQ.
Beeson, Tayer & Bodine, APC
Attorney for Sanitary Truck Drivers
and Helpers Union Local 350

2

EXHIBIT G

JUL 02 2007 12:13 FR 00
07/02/2007 10:53 FAX 4082056895

4154875772 TO 8340443

P.02/03

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

~~FILED~~

**F I L E D**

NOV 03 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

JAMES ALLEN SMITH, et al.,

    Plaintiffs - Appellants,

    v.

NORCAL WASTE SYSTEMS OF SAN
JOSE, INC.; et al.,

    Defendants - Appellees.

D.C. No. CV-05-03706-RMW
Northern District of California,
San Francisco

**ORDER**

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
AUG 15 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

The parties have stipulated to the dismissal of this appeal under Fed. R.

App. P. 42(b). The appeal is dismissed. Costs and fees shall be allocated

according to the provisions of the stipulation. A certified copy of this order sent to

the district court shall act as and for the mandate of this court.

For the Court:

CATHY A. CATTERSON
Clerk of the Court

Cathie A. Gottlieb
Deputy Clerk
Ninth Cir. R. 27-7/Advisory Note to Rule 27
and Ninth Circuit 27-10

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

NOV 0 3 2006

by:
Deputy Clerk

pro 10.30

JUL 02 2007 12:13 FR ___

4154875772 TO 8340443    P.03/03

MOATT    CLOSED

INTERNAL USE ONLY: Proceedings include all events.
06-15610 Smith, et al v. Norcal Waste Systems, et al

JAMES ALLEN SMITH
    Plaintiff - Appellant

Lyle W. Johnson, Esq.
FAX 408-298-8010
408-298-8262
Suite 510
[COR LD NTC ret]
LAW OFFICES
152 N. Third Street
San Jose, CA 95112

Jeffrey E. Elliott, Esq.
FAX 408/971-2788
408/971-2021
Suite 500
[COR LD NTC ret]
28 North First Street
San Jose, CA 95112

JIMMY DALE YOUNG
    Plaintiff - Appellant

Lyle W. Johnson, Esq.
(See above)
[COR LD NTC ret]

Jeffrey E. Elliott, Esq.
(See above)
[COR LD NTC ret]

THOMAS DON FORD
    Plaintiff - Appellant

Lyle W. Johnson, Esq.
(See above)
[COR LD NTC ret]

Jeffrey E. Elliott, Esq.
(See above)
[COR LD NTC ret]

v.

NORCAL WASTE SYSTEMS OF SAN
JOSE, INC.
    Defendant - Appellee

Zach Hutton, Esq.
FAX 415/834-0443
415/835-9000
[COR LD NTC ret]
CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111

SANITARY TRUCK DRIVERS AND
HELPERS UNION LOCAL 350
    Defendant - Appellee

Duane B. Beeson, Esq.
FAX 510/625-8275
510/625-9700
5th Floor
[COR LD NTC ret]
BEESON TAYER & BODINE, PC
1404 Franklin St.
Oakland, CA 94612

Docket as of November 3, 2006 8:00 am

Page 2    NON-PUBLIC